STERLING SMITH vs. ABSALOM SHERWOOD — Appeal from Bowie County.

A party defendant cannot at the trial avail himself of an affirmative matter of defense which he has not alleged or set out in his pleading.  [4 Tex. 69.]

An offer to deliver, and a refusal to receive, is a sufficient compliance with a promise to deliver specific goods.  After such offer and refusal, the parties stand to each other in the relation of bailor and bailee.

In cases of civil injury or breach of contract, in which there is no element of fraud, willful negligence or malice, the measure of damage is simple compensation for the actual loss sustained.  In money demands, the compensation embraces not only the original amount due, but interest for its detention and costs of the suit brought for its recovery.  [5 Tex. 141; 6 Tex. 266; 9 Tex. 358; 18 Tex. 228; 27 Tex. 620.]

In cases of trespass or tort accompanied by oppression, fraud, malice or negligence so gross as to raise a presumption of malice, the jury have a discretion to award exemplary or vindictive damages by way of punishment to the wrongdoer.

This suit was instituted by Sherwood, the appellee, against Smith, the appellant, for the tortious taking and conversion of one hundred and twenty bushels of corn which [461] the former alleged the latter had sold and delivered to him.  The answer contains a general denial and a plea of set-off.  It appears from the statement of facts that the plaintiff below had exchanged corn with the defendant; that the latter had delivered the corn sued for to the plaintiff, who by the permission of the defendant had put it in a pen by itself, the defendant consenting that it should remain on the premises until the

plaintiff could conveniently take it away. Subsequently the defendant appropriated the córn to his own use. It further appears that the consideration of the corn thus delivered was an equal quantity of other corn, which the plaintiff had procured of one Graham, and which was in a pen containing two hundred and forty bushels; that Stalcap, the defendant's overseer and agent, went to Graham, who told him the corn, being that procured for him by the plaintiff, was ready for him.. Stalcap said he would not take it then, as his crib was not ready to receive it and he had to repair his wagon body. Some time after this, an overflow of the river destroyed this corn. Corn was proven to be worth at the time seventy-five cents per bushel.

At the trial, the defendant's counsel moved the court to instruct the jury "that if they believe that the consideration for the corn Smith let Sherwood have was one hundred and twenty bushels in a pen of two hundred bushels, and if the two hundred bushels had been destroyed by accident before Smith had his one hundred and twenty bushels set apart, Sherwood cannot recover."

This instruction was refused. The jury returned a verdict for the plaintiff for two hundred and sixteen dollars; judgment was rendered thereon; and the defendant appealed.

*Morrill*, for appellant.

*Jones*, for appellee.

[462] Mr. Justice Wheeler delivered the opinion of the court.

For the appellant it is insisted,

1st. That the court erred in refusing the instruction asked..

2d. That the verdict was for an amount excessive and not warranted by the evidence.

1. The instruction asked by the defendant went to the question of a failure of consideration. But there is in the answer no averment of a failure of consideration and no intimation of any intention on the part of the defendant of relying upon that defense. And we have repeatedly decided that a party cannot avail himself thus of an affirmative, substantive defense. which he has not averred.

. But had this defense been properly presented, it was unsupported by the evidence.

Graham, who acted for Sherwood, apprised the overseer of Smith, who seems to have been acting as agent for the latter, that the corn was ready for him, but he refused to receive it. Here was an offer to deliver and a refusal to receive; and this has been adjudged a sufficient compliance with a promise to deliver specific goods, and as changing the relation of the parties to that of bailor and bailee. 4 Wend. 525; 13 id. 95; 3 J. C. 243; 2 Kent, 508, and cases cited. No objection was made that the corn was not designated and set apart; but the refusal to receive was placed by Smith's agent upon the express and sole ground of his own want of readiness. If in any event it would have been necessary to have had the corn more particularly designated and set apart, this conduct of the agent of Smith dispensed with that necessity; and Graham subsequently held the goods as his bailee and at his risk. 8 J. R. 474. If the corn was afterwards destroyed in consequence of not having been removed, it was not the fault of Sherwood, but the consequence of Smith's own refusal or neglect to receive and remove it; and upon no principle of law or justice can [**463**] Sherwood be held responsible to him for the consequence of his own voluntary refusal or neglect to perform an act which seems to have been incumbent upon him in the contemplation of the contracting parties.

2. The remaining objection relates to the verdict.

There appears to have been no other evidence of any damage sustained by the plaintiff than the value of the corn as proved. Yet the verdict was for a sum more than double that value. There was no evidence of any fraudulent conduct, wanton violence, or malicious outrage, on the part of the defendant. There were no circumstances of aggravation to bring this case within the principle of those cases in which the jury are allowed to give vindictive or exemplary damages; and the verdict cannot, as has been supposed, be maintained on that ground. The class of cases to which that principle applies has been thus defined by Mr. Sedgwick in his recent treatise on the

Measure of Damages: "There is a large class of cases where the common law in giving relief loses sight of the principle of compensation, and gives damages by way of punishment, for acts of malice, vexation, fraud and oppression. In those cases it has been found difficult to set any fixed or prescribed limits to the discretion of the jury; or, in fact, to prescribe any rule whatever. In other words, they are left to what Domat, speaking of the court, calls, as we have seen, *la prudence du juge*, reserving only to the bench the right of control over verdicts which bear the evident impress of prejudice, passion or corruption." Sedgwick on the Measure of Damages, p. 34.

But "in all cases of civil suits, injury or breach of contract, except that of a promise of marriage (id. 27, n.), with the exception of those cases of trespasses, or torts, accompanied by oppression, fraud, malice or negligence so gross as to raise a presumption of malice, where the jury have a discretion to award exemplary or vindictive damages; in all other cases the declared object is to give *compensation* [**464**] to the party injured for the actual loss sustained." Id. 26, 27.

And again, "In all cases growing out of the non-performance of contracts, and in those of infringement of rights, or non-performance of duties created or imposed by law, in which there is no element of fraud, willful negligence or malice, the *compensation* recovered in damages consists solely in the *direct pecuniary loss*, which includes, in mere money demands, interest for the detention of the amount claimed and the *costs* of the suit brought for the recovery of the demand." Id. 36, 37.

It is clear that, according to these principles, the present case, as it appears from the evidence in the record, was not a case in which the jury were entrusted by the law with a discretion to give vindictive or exemplary damages. And having no such discretion, their verdict was excessive and illegal.

There was, however, no motion for a new trial in the court below. But the case having been decided in that court before the decision of this court in the case of Foster v. Smith, 1 Tex. 70, a case in which I did not sit, a majority of the court are of opinion that it be, and it therefore is, the judgment of

the court, that a new trial be here granted, according to the rule laid down in that case.

The judgment is therefore reversed and the cause remanded for a new trial.