Wheeler, J.
The ground principally relied on for a reversal of the. judgment, and the only one which is deemed to require notice, is the refusal of the court to arrest the judgment for the alleged want of jurisdiction in the District Court.
Respecting the ruling of the court in permitting amendments, upon which the expression of ail opinion is desired, we refer counsel to former decisions upon that subject. (Cartwright v. Chabert, 3 Tex. R., 261; Austin and Clapp v. Jordan, ante.)
We have repeatedly decided that the amount of the verdict does not determine the question of jurisdiction; but that question must lie determined by the amount in controversy. (Swigley v. Dixon, 2 Tex. R., 192; Tarbox et al. v. Kennon, 3 Tex. R., 7; Austin et al. v. Jordan, ante.) We have; also decided that the amount claimed by the plaintiff in his petition will be deemed the amount ill controversy, and will determine the question of jurisdiction, unless it appears from the petition that the ease is not within the jurisdiction, or unless it shall otherwise appear that the plaintiff in framing his petition has improperly sought to give jurisdiction where it did not rightfully belong. (Tarbox et al. v. Kennon, 3 Tex. R., 7.)
It is the well-settled general rule that where the question of jurisdiction depends on the amount in controversy, the damages claimed, in actions sounding in damages, and not the amount of the verdict, give the court jurisdiction. (1 Bibb R., 342; Id., 402; 2 Wash. C. C. R., 463; 6 Verm. R., 91; 10 Watts R. 299.) And in actions ex contractu the amount claimed, and not the sum recovered, determines the question of jurisdiction, (4 J. J. Marsh. R., 241; 2 Ark. R., 158; 4 [red. R., 151,) if it docs not appear that the plaintiff, in stating his demand, improperly attempted to give jurisdiction of a ease not properly cognizable in that court. (15 Verm. R., 322.) And in a case admitting of reasonable doubt as to whether the amount in controversy is within the jurisdiction, and where the plaintiff might have had reasonable ground of expectation of recovering the amount claimed, it being a sufficient amount to give jurisdiction, the case will not be dismissed for the want of jurisdiction. (17 *74 Verm. R., 479.) In doubtful oases of tills character all intendments will be in favor of the jurisdiction. (12 Verm. R., 595.)
In the ease before us the plaintiff has laid his damages at $400, and the question, is, does it appear that in stating his case he has attempted to give jurisdiction to the District Court of a subject-matter not properly cognizable in that court? The direct pecuniary injury to the plaintiff" complained of in this case was the deprivation of his property mentioned in the petition. His light to recover was not placed upon the ground of his having been evicted from the land in question, nor of the consequent absence of any consideration received by him for his property. Had he rested solely upon tiffs ground, his action would not have been maintainable. The defendant professed only to sell the privilege or right of location. He did not warrant the title or right as against other and older claims, but expressly declared that he would not be responsible in ease the land should prove not to be vacant. Nor did the plaintiff act upon the opinion of the defendant alone that the land was vacant but lie went, as advised, and made inquiry of others. It is true he did not go to the records, the proper source for information; but for this the defendant was not responsible, unless it had appeared that by bis representations and conduct he had prevented him from employing those means of information which, as a prudent man, he would have adopted for his own safety. It is not upon this ground that the action is maintainable. But the gist of this action, and the only ground on which it can be maintained, is the deceit and fraud committed by the defendant in professing to sell that to which ho had no right, and which had, in point of fact, no existence. The evidence at this poiut is not, it is true, direct and positive; but the circumstances were such as to warrant the jury in coming to the conclusion that there was no such location upon the laud as the defendant professed to raise for the benefit of the plaintiff; that his representations in that respect were untrue, and were made for the purpose of deception ; and that in consequence of them he obtained the plaintiff’s property without giving him anything in return, and without any consid eration whatever. And fraud or deceit, with damage, is a good cause of action. (6 Johns. R., 181.) And though fraud will not, in general, be presumed, but must be proved, yet there is no doctrine better settled than that it may be proved by circumstantial or presumptive evidence. (1 Tex. R., 335; 1 Story Eq.) And it is equally well settled that the existence of actual and positive fraud is in general a question for the jury to do decide; and that when the question is one of fraudulent intention, it is their province to judge of the weight and sufficiency of the evidence to maintain (he issue. (1 Tex. R., 326; 3 Shep. R., 225; 10 S. & R., 84; 5 Watts R., 404; 10 Id., 104.)
The allegations of fraud and injury contained in the petition and the consequent right of action having been supported by the verdict, the question is whether the damages which the plaintiff is entitled to recover arc so uncertain and the measure of damages is such as that tile plaintiff might fairly claim an amount of damages within the jurisdiction of the District Court, And the determination of this inquiry must depend upon the true measure of damages applicable to the case.
“In all eases growing out of the non-performance of contracts, and in those of the infringement of rights or the non-performance, of duties created or imposed by law, in which there is no element of fraud, willful negligence, or malice., 1 lie compensation recovered in damages consists solely of the direct pecuniary loss.’’ (Sedgw. Meas. Dam., 36, 37.) 3>To indirect loss is accounted for. But- in this class of cases the direct pecuniary loss and the costs of the suit are all that the law means when it spealts of compensation. And whether the engagement be broken through inability or design, the amount of remuneration'is t.hesamp. (Ib.) If the present case belonged to this class, the measure of damages would be restricted to compensation for the direct pecuniary loss. That, being the value of his property, fixed by Ins contract at $G0, would be a sum not within the jurisdiction of the District Court; and by no manner of stating his *75 cause of action, nor by any claim of damages, would ho be enabled to give to the court jurisdiction of the case; for then, as in other cases of contract, the rule hy which the extent or amount of redress should he ascertained would be a questiou of law. (12 J. R., 17; 3 T. R., 51-63.) The amount of redress would be restricted to mere compensation, which must be regulated by legal principles; and there would be nothing to be left to the discretion of the jury.
Note 21. — Austin & Clapp v. Jordan. ante, 130.
Note 22. — Colo v. Tucker, 0 T., 200; Cook v. Garza, 9 T., 858; Oliver v. Chapman, 15 T., 400; Kolb v. Bankhead. 18 T., 228; Hedgepeth v. Kobertson. 18 T., S5S; Heed v. Samuels, 22 T., 114; Neill v. Newton, 24 T., 202; Hogglaod v. Cothren, 25 T., 345; Gordon v. Jones, 27 T., G20; Blankenship v. Berry, 28 T., 448; Shaw v. Brown, 41 T.,446.
But the present belongs to a different class of cases, in which (it is said) “the common law loses sight of the principle of compensation and gives damages by way of punishment for acts of malice, vexation, fraud, or oppression.” (Sewg. Meas. Dam., 34.) In these cases it has been found difficult to set any fixed or precise limits to the discretion of the jury, or in fact to prescribe any rule whatever.” Where either of the elements of fraud, malice, gross negligence, or oppression “mingle in the controversy, the law, instead of adhering to the system or even the language of compensation, adopts a wholly different rule. It permits the jury to give what it terms punitory, vindictive, or exemplary damages; in other words, blends together the interests of society and the aggrieved individual, and gives damages not only to recompense the sufferer, but to punish the offender. This rule seems settled in England and the general jurisprudence of this country.” (Id., 38, 39.)
In Tillotson v. Cheetham (3 J. R., 56) Kent, Chief Justice, said: “Surely this is the true and salutary doctrine. The actual pecuniary damages in actions for defamation, as well as in other actions for tort, can rarely be computed and are never'the sole rule of assessment.” The doctrine, he said, was “too well settled in practice and is too valuable in principle to be called in question.” (Id., 64.) In Walker v. Smith (1 Wash. C. C. R., 152) Mr. Justice Washington said : “Where merely vindictive damages are sued for, the jury act without control on the subject of damages, because there is no legal rule which they can be measured; and unless they are so extravagant as to induce a suspicion of improper conduct, the court will not interfere.” In a recent case in Pennsylvania, (5 Watts R., 375,) in which this subject was fully discussed, the court said : " The authorities teach that damages may be given in peculiar cases, not merely to compensate, but to punish. There arc offenses against morals to which the law has annexed no penalty as public wrongs and which would pass without reprehension did not the providence of the court permit the private remedy to become an instrument of public correction.” In Kentucky it is held that in actions on the case for fraud the criterion of damages is in a great measure left to the judgment of the jury. (3 Monr. R., 363 ; 1 Litt. R., 278.) Indeed, it is laid down that. “ fraud is commonly a ease for vindictive or exemplary damages.” (Sedgw. Meas. Dam., 565, n.) And so of other aggravated torts. (2 Hill R., 288; 14 J. R., 352; 10 N. H. R., 130; 15 Conn. R., 225; Id., 267; 10 Pet. R., 81.)
This reference to the authorities will suffice to show that the plaintiff, in estimating his damages in this case, was not restricted to the rule of mere compensation. The measure of damages was not only compensation for the direct pecuniary loss sustained, but such further vindictive or exemplary damages by way of punishment as in the judgment of the jury the conduct of the defendant-might merit. The amount to be recovered was thorefoye uncertain, depending upon the judgment of the jury; and the case comes strictly within that class in which the "question of jurisdiction must be determined solely by the amount claimed in the petition. That, being the amount within the jurisdiction of the District Court, determines the question in favor of the jurisdiction of that court.
Judgment affirmed.