CALVIN GORDON v. W. J. JONES.

See this case for a citation of authorities, in which the principles upon which courts of justice award exemplary or punitory damages have been discussed and announced by this court.

Also, for a verdict and judgment for exemplary damages, where the court held that the verdict was a severe one, yet, under all the circumstances, there was no ground for reversing the judgment without giving countenance to a wrong.

APPEAL from Lavaca. Tried below before the Hon. Fielding Jones.

This suit was brought by William J. Jones, the appellee, to recover the value of the running gear of a gin, alleged to be of the value of five hundred dollars, which was charged to have been wrongfully, willfully and maliciously taken by Calvin Gordon, the appellant, from the plantation of appellee and converted to his use, and for five hundred dollars for damages resulting from the willful and malicious trespass committed in the taking. The suit was brought in Colorado county, from which the venue was changed to Lavaca.

The defendant admitted the taking, but justified himself upon the ground that "he did so, because he understood from the relatives and acquaintances of plaintiff residing in the neighborhood of the plaintiff, that he was willing and anxious to sell the running gear; that defendant had written to the agents of plaintiff at Galveston, where he resided, requesting them to see plaintiff and purchase of him his gear; but not hearing for some time from them or the plaintiff in regard to the application for purchase, and being in need of running gear for his gin, and being misled by the information of those living in the neighborhood of plaintiff's gin house, he took the running gear therefrom, intending to pay the plaintiff full value therefor," &c.

On the trial, W. H. Parrot, for plaintiff, deposed that he occupied the plantation of plaintiff as his tenant; that there was a gin house and running gear on it in 1856; that the running gear

was removed by defendant in the fall of 1856; witness assisted defendant to put the gear in the wagon. He was ginning at the time; stopped for dinner; when he went back, defendant was taking down the gear. It was in sufficiently good order to gin on without repairing. The gear was taken to the plantation of defendant. On cross-examination witness stated that he went on the land in the spring of 1856; did not pay any rent only by repairing the place and making some improvements. Defendant at the time of the taking "gave no reason, only that he had purchased them."

The deposition of Mark Berry, for plaintiff, was, substantially, that he received a letter from Duvenant & Gordon in reference to to the gear in controversy; that he called on plaintiff upon receipt of the letter, and had a conversation with him about the proposition of defendant to purchase; that the letter of defendant and his answer thereto, (which he attached to his answers,) contained in substance all that occurred within his knowledge about the matter. The letter from Duvenant & Gordon was dated "Eagle Lake, October 4, 1856," and was as follows: "We are under the necessity of troubling you once more in regard to our gin gearing. Hearing that Judge W. J. Jones, of Virginia Point, had offered his for sale, which is now on hand at his plantation, whereon Hutchinson formerly lived, in regard to which we wrote him a short time since; but not hearing from him, we are anxious to know the result. Will you have the goodness to inquire of him and know of him if he will sell, also his price," &c.

The letter from Berry & Longan to Duvenant & Gordon, referred to also in the depositions of Berry, was dated "Galveston, October 16th, 1856," and was as follows:

"The Judge says that he will sell the gearing if he got a full price. He would not say what he would take for it. He says that it is all new, and wants you to make a proposition, and if he thinks it is what it is worth he will let you have it."

The deposition of W. T. Freeman, for plaintiff, was to the effect that plaintiff wrote a letter to defendant, which witness copied and mailed; that plaintiff had uniformly expressed his dissatisfaction at the conduct of defendant in reference to the gear. The

letter referred to in the deposition of Freeman was dated "March 8th, 1857," at "Virginia Point," and directed to "C. Gordon," in which the plaintiff expressed his surprise that the defendant had taken the gear; that he would exact an immediate settlement of the matter to his satisfaction.

One witness, a mechanic, for defendant, deposed that the gearing was worth one hundred and twenty-five dollars; another witness, also a mechanic, deposed that it was worth one hundred and thirty-five dollars.

The jury found a verdict for the plaintiff for $135 for the gearing and $419 damages, and judgment was rendered accordingly. A new trial was refused, and the defendant appealed.

*Robert L. Foard*, for appellant.—Cited 8 Tex. Rep., 427; Sedgwick on Damages, 530, 531; 19 Maine Rep., 361; 9 Tex. Rep., 358; 6 Id., 266; 2 Id., 460; 5 Id., 141; 2 Parsons on Cont., 450, and note; 6 Peters' Rep., 262; 2 Mason's Rep., 120.

*John T. Harcourt*, for appellee.—Cited 21 Tex. Rep., 203; 2 Id., 463; 5 Id., 141; 9 Id., 358; 6 Id., 266; 18 Id., 858; 1 Peters' R., 386; 4 Id., 291; Sedg. on Dam., 550; 5 Cowen R., 106; Har. Ky. R., 586; 1 Bibb, 248; 3 Dana R., 583; 11 Wheat. R., 199; 6 Cond. R., 270.

BELL, J.—The principles upon which courts of justice award exemplary or punitory damages have been often discussed and announced by this court, and we deem it unnecessary to enter again upon an exposition of these principles. (See the cases of Smith v. Sherwood, 2 Tex., 460; Graham v. Roder, 5 Tex., 141; Cole v. Tucker, 6 Tex., 266; Cook v. Garza, 9 Tex., 358, and Kolb v. Bankhead, 18 Tex., 228.) It appears from the evidence in this case that the appellant, when he went to the premises of Jones to remove the running gear, represented to the tenant of Jones that he had purchased the running gear. This is the only feature in the case which presents the conduct of the appellant in any other light than that of an ordinary trespass. The appellant, however, had been informed that Jones would expect a full price for his

running gear, and also that Jones would shortly (after the time of the correspondence between them) be in the county of Colorado. Under all the circumstances, the trespass committed by the appellant may, we think, be held to partake, though very slightly, of the elements of fraud and oppression, and as therefore presenting a proper case for exemplary damages. The case would have been presented in a more favorable aspect for the appellant, if he had shown that subsequent to the trespass he had made a proper effort to repair the wrong by tendering to Jones full compensation for the property.

We think the verdict a severe one, under all the circumstances, but we do not see any clear grounds upon which we can reverse the judgment, without giving our countenance to a wrong.

The judgment is affirmed.

Judgment affirmed.