## G. H. & S. A. R. R. Co. v. Don F. Turner.

(No. 114, Tex. L. J., vol. 1, p. 57.)

APPEAL from Colorado County. Opinion by ECTOR, P. J.

§ 641. *Damages recoverable for the killing of two mules by railroad.* This was a suit brought by Turner to recover the value of two mules killed by defendant's train, and also the further sum of $450 damages which plaintiff alleged were sustained by him by reason of the loss of his mules. Verdict and judgment were rendered for plaintiff for $250, the value of the mules, and $150 damages.

§ 642. *Measure of damages; erroneous charge as to.* The court charged the jury that plaintiff was entitled to damages over and above the value of the mules, if the mules were killed by the negligence of the railroad company. This was error. In cases of contract, as well as of tort, where no question arises of fraud, malice or oppression, the direct pecuniary damage, with the cost of litigation, form the measure of relief. [Sedgwick on Damages, 58.] The matter of damages, other than the value of the property injured, could not be considered when there was no element of fraud, negligence or malice; and the compensation recoverable is limited solely with direct pecuniary loss. [Graham v. Roder, 5 Tex. 141.] "In all cases of civil suits, injury or breach of contract (except that of a promise of marriage), with the exception of those cases of trespasses or torts accompanied by oppression, fraud, malice, or negligence so gross as to raise a presumption of malice, where the jury have a discretion to award exemplary or vindictive damages, the jury are allowed to give *compensation* to the party injured for the loss sustained. [Sedgwick on Measure of Damages, §§ 26, 27; Smith v. Sherwood, 2 Tex. 464.] The charge referred to was improper, and the verdict of the jury was illegal.

February 17, 1877.          Reversed and remanded.