F. STRESAU ET AL. v. ANTONIO FIDELLI AND JOSEPH TORRANCE.

(No. 1765, Op. Book No. 2, p. 794.)

ERROR from Galveston County. Opinion by WILLSON, J.

§ 847. *Non-joinder of parties defendant; must be pleaded in abatement.* If there are other parties who are jointly liable with the defendant, who are necessary

or proper parties defendant in the suit, these facts should be pleaded *in limine,* in accordance with the rules governing in such cases. [R. S. 1574; Davis v. Willes, 47 Tex. 155; Williams v. The State, 23 Tex. 279.]

§ 848. *Damages for breach of contract; measure of; exception to general rule.* In cases growing out of the non-performance of contracts, where there is no element of fraud, wilful negligence or malice, the measure of damages is the direct pecuniary loss suffered by the injured party. [O'Connor v. Van Homme, Dallam, 430; Smith v. Sherwood, 2 Tex. 464; Graham v. Roder, 5 Tex. 148; Robinson v. Varnell, 16 Tex. 382; Gordon v. Jones, 27 Tex. 620.] It is a general rule that future profits, which might have accrued upon the performance of a contract, cannot be allowed in estimating damages for the breach of the contract. There is an exception to this rule, where, under the contract, labor is to be performed from which profit is to spring as the direct result of work to be done at a stipulated price, and one party is prevented from earning such profits by the wrongful act of the other. [R. R. Co. v. Shirley, 45 Tex. 357.] This was a suit for damages for breach of contract, and damages were allowed appellees which the law did not authorize under the circumstances of the case.