**JIM SANDERS FORD COMPANY,**
Appellant,

v.

**Peter P. ONTIVEROS, Appellee.**

No. 4320.

Court of Civil Appeals of Texas.

Waco.

April 8, 1965.

Rehearing Denied April 29, 1965.

Lee Ducoff, Bernard L. Chanon, Houston, for appellant.

Solito, Vetrano & Murr, Anthony L. Vetrano, Jr., Houston, for appellee.

McDONALD, Chief Justice.

This is an appeal from a judgment awarding plaintiff $2500 exemplary damages in a fraud suit.

Plaintiff Ontiveros sued defendant Motor Company for fraud, alleging that plaintiff, as a result of defendant's false representations, orally contracted with defendant

to purchase a new Ford automobile for $2710; that plaintiff paid $800 in cash, and was to pay the balance of $1910 upon delivery of the car the following day; that defendant had plaintiff sign a partially completed contract which was contrary to the parties' agreement, and which recited a *balance due* of $2710; that this made for a total price for the car of $3510, which was some $300 more than the suggested retail price on the window of the car; that the following day defendant refused to accept the $1910 and deliver the car, and refused to return the $800 plaintiff had paid to it. Plaintiff prayed for $800 actual damages, and $5420 punitive damages.

Defendant answered by numerous special exceptions; denied any fraud; and plead that the written contract between plaintiff and defendant required plaintiff to pay $3510 for the car, and that oral promises behind the written contract are inadmissible. (The written contract provided that plaintiff forfeit the $800 down payment, unless balance be paid the following day.)

Prior to trial, defendant paid into the registry of the court $800 for plaintiff's account, and plaintiff drew such $800 down. The order paying plaintiff the $800 recited that "the $800 being paid to the plaintiff represents the repayment to said plaintiff of the down payment on the automobile purchased by him from the defendant, which amount has been agreed upon by the parties, and further said parties having agreed to the repayment to the plaintiff of said amount." Such order further recited the cause shall remain on the docket for trial on the issue of punitive damages.

The cause subsequently went to trial on the issue of punitive damages, to a jury which, in answer to issues submitted, found:

1) On 23 May 1962 defendant represented to plaintiff it would deliver to plaintiff on the following day the automobile in question, upon payment of $1900, in addition to the $800 down payment.

2) At the time of making such representation defendant did not intend to carry out such promise.

3) Plaintiff believed such representation and relied thereon.

4) Such representation was a material inducement which caused plaintiff to pay defendant the $800.

5) Plaintiff would not have paid defendant the $800 had such representation not been made.

6) Such representation was made with malice.

7) The jury assessed $2500 against defendant as exemplary damages.

8) Plaintiff did not agree to pay defendant $3500 for the automobile in question.

Defendant appeals on 19 points presenting 4 basic contentions.

■ Defendant's 1st contention is that the Trial Court erred in not granting a hearing on its Special Exceptions. It appears from the record that such exceptions were not timely filed and were waived by defendant. Moreover, an examination of such exceptions reflects that they could not affect the outcome of the suit under the record.

■ Defendant's 2nd contention is that the Trial Court erred in overruling its motion for continuance. Defendant's motion was not verified, as required by Rule 25, Texas Rules of Civil Procedure, and was properly overruled.

■ Defendant's 3rd contention is that the Trial Court erred in overruling its objections to the charge. The record reflects that the objections to the charge were not filed until after verdict and that the Trial Court declined to rule on them. The Trial Court's action was proper. Rule 272 T.R. C.P.

■ Defendant's 4th contention is that the jury's answers to the issues submitted

are supported by no evidence or insufficient evidence, and that the verdict is excessive. A review of the record reflects that defendant offered to sell plaintiff the car in question for $800 down and $1910 to be paid the following day. The following day defendant refused to deliver the car on tender of the $1910, and refused to return plaintiff's $800. From the record we think the jury was entitled to believe that the defendant acted wilfully and fraudulently, and that the evidence is ample to support the verdict, and that the award is not excessive.

All of defendant's points and contentions have been considered and are overruled.

Affirmed.