CHEMICAL CLEANING, INC., Appellant,

v.

CHEMICAL CLEANING AND EQUIPMENT SERVICE, INC., et al., Appellees.

No. 7133.

Court of Civil Appeals of Texas, Beaumont.

June 25, 1970.

Rehearing Denied July 16, 1970.

Gordon R. Pate, Beaumont, for appellant.

Wells, Duncan & Beard, William E. Townsley, Beaumont, Donald B. Moye, Nederland, for appellees.

PARKER, Chief Justice.

The appeal is from a judgment denying enforcement of an agreement not to compete alleged to have been contained in an employment contract and an award of damages, both actual and exemplary, to the employee because of the efforts to enforce the contract. The confusing similarity of the names of the corporate parties (and the fact that a severance has eliminated the corporation shown in our caption as appellee), makes it imperative that we simplify the designation of the parties. We will refer to the plaintiff-appellant as "Chemical," the employee as "Stafford," and the severed co-defendant below as "Equipment."

Stafford left the employment of Chemical on March 31, 1966, and, shortly thereafter, entered the employment of Equipment. On May 17, 1966, Chemical wrote to Stafford claiming that his employment with Equipment violated the terms of an employment agreement dated May 22, 1963, a copy of the letter being sent to Equipment. Stafford's employer sought a copy of the instrument when Stafford denied its existence. Chemical sent only the first and fourth pages of the alleged contract, omitting the language of the covenant involved. Stafford and Equipment's President, Woolman, then conferred with counsel for Chemical in Lake Charles, Louisiana, but were unsuccessful in adjusting the differences.

Equipment discharged Stafford on September 23, 1966, the reason assigned being that Stafford neglected his duties by playing golf on Friday afternoon. Notwithstanding the discharge in September, Chemical brought suit upon the alleged contract on November 9, 1966, naming both Stafford and Equipment as parties defendant. Damages for breach of the contract and for injunctive relief were sought against Stafford and damages for using trade secrets, etc., obtained from Stafford were sought against Equipment. Stafford agreed not to violate the terms of the alleged agreement not to compete during the remainder of the asserted duration of such agreement and the injunction did not issue. Equipment was severed from the suit and the case proceeded to trial upon the claim of Chemical and the cross-action for actual and exemplary damages sought by Stafford.

Judgment was entered, based upon jury findings favorable to Stafford (which we will summarize hereinafter), and his actual damages were fixed at $15,000.00. Having found Chemical acted with malice, exemplary damages in the amount of $25,000.-00 were awarded to Stafford. From this judgment, Chemical appeals upon three points.

Before considering the points brought forward, we summarize the material findings of the jury. The numbers in parentheses represent the number of the special issue: (1) Stafford did not sign the agreement sued upon; (7) he had not seen pages one, two, and three thereof (his signature appearing upon page four); (8) Chemical's representative, Wheeler, represented to Stafford that the purpose of signing the

last page of the instrument was to make Stafford subject to the provisions of a contract between him and a former employer; (9) such representations were relied upon by Stafford; (10) and were material; (11) failed to find that Equipment "relied upon the representation" of Chemical that Stafford was subject to employment restrictions contained in the alleged contract; (12) such representation so made (as set out in No. 10) "was a material inducement" to Equipment in terminating Stafford's employment; (13) Stafford's actual damages were found to be $15,000.00; (14) Chemical acted with malice "in seeking to enforce the employment restriction" against Stafford; and (15) exemplary damages were assessed at $25,000.00.

■ We turn now to a consideration of the third point of Chemical asserting in substance that there was no evidence to support the finding of the jury to Special Issue No. 1 that Stafford did not sign the agreement. The thrust of this argument is that while Stafford admitted the genuineness of his signature on page four, his testimony as to the absence of the three preceding pages was so inherently improbable that it was not worthy of belief. We disagree and overrule the point. Stafford testified, unequivocally, that the first three pages of the contract were not a part of the instrument at the time he signed the fourth page. He was cross-examined vigorously upon the subject and did not retreat from his first assertion. Wheeler, who signed the fourth page of the disputed contract on behalf of Chemical, was not in the employ of Chemical at the time of the trial and did not address himself specifically to this question in his deposition. The testimony of Stafford raised a fact issue for determination by the jury.

We have followed Chief Justice Calvert's suggestions found in " 'No Evidence' and 'Insufficient Evidence' Points of Error," 38 Tex.Law Rev. 361, 364 (1960), in passing upon this question "viewing the evidence in its most favorable light in support of the finding of the vital fact, considering only the evidence and the inferences which support the finding and rejecting the evidence and the inferences which are contrary to the finding." Under this rule, we overrule Point No. 3.

■ By its second point, Chemical asserts that there was insufficient evidence to support the finding of the jury on actual damages and that the answer was so against the great weight and preponderance of the evidence as to be manifestly unjust. In considering this point, we will examine the record as a whole. We cannot, however, add to the complaint expressed in the point itself, nor are we permitted to "piece together a point for the appellant from an examination of the transcript and the statement of facts." Isenhower v. Bell, 365 S.W. 2d 354, 358 (Tex.Sup., 1963). Thus, we do not, in considering this point, reach the argument relating to the objection to the charge. Manifestly, such argument is not germane to the point brought forward in the brief.

Special Issue No. 13 submitted to the jury the question of actual damages sustained by Stafford "as a direct and proximate result of the representation" by Chemical to Equipment that Stafford was subject to the employment restriction. The instruction permitted them to take into consideration loss of earnings after his discharge by Equipment up to the time of trial and future losses, if any. The amount was found to be $15,000.00.

Stafford testified that notwithstanding he sought employment with most of the major industries in the area, he was unable to procure *any* employment during the months of October, November, and December, 1966, following his discharge by Equipment. He was a trained chemical engineer but could find no employment in that field. Finally, on September 15, 1967, nearly a year after his discharge by Equipment, he procured employment as a life insurance salesman with Metropolitan Life Insurance Company, his total earnings during the calendar year of 1967 being $2,076.90. His

earnings from employment with Metropolitan during the entire year of 1968 amounted to $7,707.88.

Contrasted with these earnings subsequent to his discharge by Equipment, Stafford had earned during 1966 the following sums: From Chemical—$2,782.50; and from Equipment—$3,336.67, or a total of $7,119.14 for less than ten months' work. Woolman, President of Equipment, estimated that had he remained in his employment with Equipment, he would have earned from $13,000.00 to $15,000.00 per annum (including fringe benefits).

From our review of the evidence, we are of the opinion that the point is without merit and it is hereby overruled.

We have now reached Chemical's first point, pertaining to the award of exemplary damages, and in so doing encounter a serious question with reference to the *sufficiency* of the point.[1]

Even a casual reading of the point discloses that it is multifarious. First, it bunches two special issues, one dealing with the malice issue and the other the amount of exemplary damages; second, it contends that each of the separate issues is against the great weight and preponderance of the evidence; and, finally, it contains what may be either a "no" evidence point or an "insufficient" evidence point as to each issue. This court is firmly committed to a liberal construction of the briefing rules, saying in the recent case of Harris v. Texas Employers' Insurance Association, 447 S.W. 2d 211, 215 (Beaumont Civ.App., 1969, error ref. n. r. e.):

"The rules relating to the form and substance of appellant briefs are liberally construed in favor of the sufficiency of a brief and we should not adopt a technical approach which might pervert justice. See generally: McKelvy v. Barber, 381 S.W.2d 59, 62 (Tex.Sup., 1964); Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478, 482 (1943); Gleason v. Davis, 155 Tex. 467, 289 S.W.2d 228, 229, 230 (1956); Rule 422, T.R.C.P."

The first point challenges the sufficiency of the evidence to sustain the jury finding of malice on the part of Chemical in seeking to enforce the employment restriction. If we were to consider the evidence as to Special Issue No. 14 alone, we would be confronted with doubt as to the test we should use. If the attack is that it is against the great weight and preponderance of the evidence, we must consider the record as a whole. If the final phrase tenders the challenge of "no evidence" to support the finding, we must consider only the evidence supporting the finding. *Calvert,* supra; In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, 661 (1951). In so doing, we would be considering the testimony only as to the finding of malice, but would, if necessity, have to consider the entire record. Since the point involves exemplary damages, it is further complicated by the peculiar rule presently prevailing in such matters. See: Southwestern Investment Company v. Alvarez, 453 S.W.2d 138 (Tex.Sup., 1970).

But this is only half of our problem—there still remains the dual attack upon Special Issue No. 15. This issue awarding the exemplary damages is not attacked as being excessive under the record or disproportionate to the award of the actual damages. Cf. Southwestern Investment Company v. Neeley, 452 S.W.2d 705 (Tex.Sup., 1970).

It would take drastic surgery upon the point[2] to enable us to meet the issue actual-

---

1. First Point: "The trial court erred in rendering judgment for cross-plaintiff, Thomas L. Stafford, on the jury verdict and awarding cross-plaintiff the sum of Twenty Five Thousand Dollars ($25,000) exemplary damages because the answers of the jury to Special Issues Nos. 14 and 15 were so against the great weight and

preponderance of the evidence as to be manifestly unjust, and were not supported by the evidence."

2. If the point were simplified and restructured so as to read:
The trial court erred in rendering judgment for cross-plaintiff for exemplary

ly present in the case—the insufficiency of the evidence to support the finding in response to Special Issue No. 14 of malice. We are neither required nor permitted under our rules to draft appropriate points on appeal. Regardless of the merits of such a re-constituted point, if it were to be considered, we find ourselves unable to come to grips with the fundamental issue. See generally, Appellate Procedure in Texas, §§ 12.4 [4] and 12.4[5], and cases therein cited.

However, in order that our determination of the question will not prevent Chemical from presenting to the Supreme Court the problem, we now state that our review of the evidence would lead us to overrule a "no" evidence point addressed to Special Issue No. 14. On the other hand, such review leads us to the belief that if the question was properly before us, we would sustain an "insufficient" evidence point. Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup., 1965). Such a holding as to Special Issue No. 14 would necessitate setting aside the damage finding in No. 15 since it was submitted contingently upon an affirmative answer to Special Issue No. 14. But, as indicated, such is not properly before us and we confine our determination to that which is within our power to adjudicate. Point No. 1 is overruled for the reasons herein indicated.

Judgment affirmed.

STEPHENSON, Justice (concurring).

I agree with the result reached by the majority, but for different reasons. Appellant's first point of error may be subject to the criticism that it is multifarious as it complains of the action of the trial court in rendering judgment upon issues 14 and 15. However, even though this point of error

damages because the jury's answer to Special Issue No. 14, finding appellant acted with malice, was so against the overwhelming weight and preponderance of the evidence adduced at the trial as to be clearly wrong,

may have been stated in better fashion it is still sufficiently clear to me in order to satisfy Rule 422. I do not regard it as being so unintelligible as to require rebriefing. Most of the cases cited under Rule 418 are ones in which the appellate court considered the point of error although pointing out that it was multifarious. The cases cited under Rule 418 refusing to consider a point because of such complaint, are cases in which the point of error is so general it is not possible to understand the point or points relied upon.

In this case, appellant's first point of error complains of both issues 14 and 15 for the same reason, and that is that such findings by the jury are contrary to the weight and preponderance of the evidence because Stafford failed to establish malice. Even though issue 14 is specifically concerned with malice, issue 15 as to damages, also requires a finding of the same malice. The same evidence and argument applies to both special issues, and appellant, no doubt, felt he was making it more convenient for this court by combining these matters in the same point of error.

An additional reason for combining complaints as to the action of the trial court concerning these issues is that issue 15 was submitted conditionally upon an affirmative answer to 14.

Testing the point of error before us, in the light of the statement made by the Supreme Court of Texas in Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478, 482 (1943) support my position. It is there said:

"The object of a 'point' in the brief, as provided for in Rule 418, is to call the Court's attention to the questions raised and discussed in the brief. It is intended that the 'point' shall be short or in few

an entirely different question would be presented. We could then exercise our constitutional authority, review the evidence, and sustain or overrule the point. *Neeley*, supra.

words. It is not necessary that a 'point' be complete within itself, in the sense that it must, on its face, show that the matter complained of presents reversible error. If a 'point' is sufficient to direct the Court's attention to the matter complained of, the Court will look to the 'point' and the statement and argument thereunder to determine the question of reversible error. Simply stated, the Court will pass on both the sufficiency and the merits of the 'point' in the light of the statement and argument thereunder."

Considering the point of error in the light of the statement and argument thereunder leads me to the conclusion that this point of error should be passed upon by this court.

Applying the rules mentioned in the majority opinion, I would overrule appellant's first point of error. I do not agree that it is necessary to prove malice in order to recover exemplary damages in a fraud case. The latest expression from the Supreme Court of Texas on this point is Clements v. Withers, 437 S.W.2d 818, 822 (Tex.Sup., 1969) in which Justice Reavley wrote:

"The existence of such malice may not be necessary in a case where the defendant's acts are accompanied by fraud or other aggravating circumstances."

See also Morgan v. Arnold, 441 S.W.2d 897, 905 (Dallas Tex.Civ.App., 1969, error ref., n. r. e.), wherein it is written:

"It is well settled in Texas jurisprudence, as well as generally, that fraud is one of the grounds for an award of exemplary damages. 25 C.J.S. Damages § 123(9), p. 1151; 37 C.J.S. Fraud § 144, p. 489; 26 Tex.Jur.2d, Fraud and Deceit, § 136, pp. 121–122; Connor v. Sewell, 90 Tex. 275, 38 S.W. 35 (1896). In essence it is the purpose or intention of the defendant which is determinative of his liability for exemplary damages. Jacobs, Bernheim & Co. v. Crum, 62 Tex. 401 (1884). Aggravating circumstances may authorize such exemplary damages as, in the jury's

opinion, the defendant's conduct justifies. Graham v. Roder, 5 Tex. 141 (1849); 26 Tex.Jur.2d § 136, p. 121.

" 'It has been said that as a prerequisite to the recovery of the exemplary damages, it must appear that the representations forming the basis of the fraud action were false, that they were willfully made with full knowledge that they were false and with intent to injure the other party, and that the other party was injured as a result of the representations.' 26 Tex.Jur.2d, Fraud and Deceit, § 136, p. 122.

"Evidence of willfulness on the part of the defendant may be implied from actual wrongful acts and conduct of the defendant. Jim Sanders Ford Co. v. Ontiveros, 389 S.W.2d 614 (Tex.Civ.App., Waco, 1965)."

The findings in this case, which are not under attack, establish fraud on the part of Chemical and I would affirm the judgment of the trial court.