Emil Edward RETZLAFF, et
al., Appellants,

v.

Katharine GROUND, Appellee.

No. B2911.

Court of Appeals of Texas,
Houston (14th Dist.).

June 10, 1982.

Gregory H. Laughlin, Houston, for appellants.

Robert A. Berry, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and SAM ROBERTSON, JJ.

SAM ROBERTSON, Justice.

This is an appeal from judgment in a personal injury suit. The total judgment of $154,295.60 included $35,000 for loss of past earnings and $75,000 for loss of future earning capacity. We affirm.

In two points of error contending "the trial court erred in rendering judgment," appellant attempts to raise questions of legal and factual sufficiency of the evidence. Appellee challenges the sufficiency of this assignment of error to enable this court to pass upon the sufficiency of the evidence to sustain a jury finding. As our Supreme Court said in *Chemical Cleaning Inc. v. Chemical Cleaning & Equipment Service, Inc.*, 462 S.W.2d 276 (Tex.1970),

A trial court may commit error in *overruling a motion for new trial* because vital jury findings are contrary to the great weight and preponderance of the evidence, but it does not for that reason commit error in *rendering judgment on the verdict.* Hence, a point of error which states that the trial court erred in rendering judgment on a verdict because of the state of the evidence—if it is ade-

quate for any purpose—is only a "no evidence point." *Id.* at 277.

In oral argument, appellant contended we should look to his argument under each point to determine that he is in fact complaining of the sufficiency of the evidence to sustain the jury answers to specific special issues. As we read the above quoted language from the Supreme Court in conjunction with the suggested special issue in the Court of Appeals decision,[1] *Chemical Cleaning Inc. v. Chemical Cleaning and Equipment Service, Inc.,* 456 S.W.2d 724 (Tex.Civ.App.—Beaumont 1970), we feel compelled to sustain appellee's challenge and consider both points of error as no evidence points and apply the standard of review set out in *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965):

> In deciding ... [a no evidence] question, the appellate court must consider only the evidence and the inferences tending to support the finding and disregard all evidence and inferences to the contrary.

■ Appellant's first point of error contends "the trial court erred in rendering judgment" in the amount of $75,000 for appellee's loss of future earning capacity because there was no evidence to support such judgment. Yet the jury heard testimony that before the accident, appellee had been able to work a seven day week of 10–14 hour days, and after the accident she was not able to work or could work only part time and lost her effectiveness as a salesperson. In 1978 and 1979, the two years immediately following the accident in question, appellee worked only part time, two or three days a week for two or three hours a day when she was able to work. She did not work at all in 1980 and 1981. Her income for the years after the accident diminished from $15,611.20 in 1978 to $9,586.52 in 1979 and $843.00 in 1980. Appellee had no income in 1981. At the same time, appellee's employer testified that for the year 1980 appellee would be in an income range of between $12,000 and $27,000.

The same employer also testified that the job of real estate salesperson requires constant walking, climbing stairs, and driving and that one must have good health and stamina in order to do well. Appellee testified to great pain and inability to drive a car because she could not turn her head to the right without pain. At the time of trial, she still suffered dizzy spells, headaches, lower back pain and numbness in her legs and experienced pain when walking for long periods, climbing stairs, and vacuuming. Her doctor testified that X-rays revealed an anatomical change in her neck and that she would probably experience pain in the future based on her activities.

In our opinion, there is some evidence to support a finding of loss of future earning capacity, and the award of $75,000 is within the area of discretion left to the sound judgment of the jury. *See, King v. Skelly,* 452 S.W.2d 691, 693 (Tex.1970). Appellant's first point of error is overruled.

■ In his second point of error, appellant contends "the trial court erred in rendering judgment" for $35,000 for loss of past earnings because there was no evidence to support said judgment.

As the above factual summary shows, the jury heard testimony concerning appellee's diminished salary for the three years prior to trial as well as the average pay for a salesperson of her caliber for the year 1980. They also heard detailed testimony concerning the months she was unable to work due to surgery. We hold this to be some evidence to support the above award and overrule appellant's second point of error.

The judgment is affirmed.

1. "The trial court erred in rendering judgment for cross-plaintiff for exemplary damages because the jury's answer to Special Issue No. 14, finding appellant acted with malice, was so against the overwhelming weight and preponderance of the evidence adduced at trial as to be clearly wrong." 456 S.W.2d at 727, footnote 2.