**UNITED DISTRIBUTING OF TEXAS, INC.,**
**Appellant,**

v.

**RIGGS PROPERTIES, INC., et al.,**
**Appellees.**

**No. 5271.**

Court of Civil Appeals of Texas,
Waco.

June 21, 1973.

Schroeder, Guest & Hoffmeyer, Dallas, for appellant.

Wynne, Jaffe & Tinsley, David R. Snodgrass, Dallas, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff United Distributing from summary judgment it take nothing in suit for materialman's lien foreclosure against defendants National Bank of Commerce and Hill Financial Corporation.

Plaintiff sued Riggs Properties, Inc., National Bank of Commerce and Hill Financial Corporation alleging plaintiff con-tracted to supply air conditioning equipment to James F. Riggs d/b/a James F. Riggs Construction Company for use in building Charter Oaks Apartments on land owned by defendant Riggs Properties, Inc.; that the equipment was furnished in May 1971; that $6024.59 is owing for such equipment; that plaintiff filed its affidavit claiming a materialman's lien on September 16, 1971; that National Bank foreclosed a Deed of Trust Lien on such property on August 3, 1971 and sold same to Hill Financial on August 9, 1971. Plaintiff alleged perfection of Statutory Mechanics' and Materialman's Lien superior to any lien or title of the Bank and Hill.

Plaintiff further alleged in the alternative that "Riggs Properties, Inc., is the alter ego of James F. Riggs and that James F. Riggs was the principal of Riggs Properties, Inc. and did effectively control the operations of said corporation," and pursuant to Article 5452—1, Vernon's Ann.Tex. Civ.St. all parties who contracted with James F. Riggs to furnish labor or materials for the Riggs Properties, Inc., tract of land became original contractors. Plaintiff prayed for judgment holding its lien to be superior to the Bank and Hill's title, and for judgment for the $6024.59 debt.

Riggs Properties filed no answer. The Bank and Hill filed general denials. The Bank and Hill then moved for summary judgment alleging that plaintiff sought to have its lien foreclosed by virtue of Article 5452 et seq., V.A.T.S.; that plaintiff was a subcontractor and Article 5453 provides subcontractors file their affidavit for lien within 90 days after the debt accrued; that Article 5467(1)(c) provides a debt accrues on the tenth day of the next month following that in which material or labor was furnished; that plaintiff furnished material in May 1971; that its affidavit was filed September 16, 1971 which was not within 90 days of June 10, 1971; for which reason plaintiff had no lien and summary judgment should be entered for defendants Bank and Hill.

The trial court entered interlocutory partial summary judgment that plaintiff take nothing as to the Bank and Hill; and on final hearing made final such partial summary judgment plaintiff take nothing as to the Bank and Hill (and entered judgment for plaintiff for $6024.59 against Riggs Properties, Inc.).

Plaintiff appeals on 2 points contending the trial court erred in granting motion for summary judgment of defendants Bank and Hill that plaintiff take nothing because:

1) Defendants did not meet the burden of establishing that there was no genuine issue as to any material fact.

2) The alternative plea of alter ego as between defendant Riggs Properties, Inc., and James F. Riggs raised a genuine issue as to a material fact.

Article 5453 V.A.T.S. provides: "1. Every original contractor, not later than one hundred twenty (120) days, and every other person or firm * * * who may be entitled to a lien under this Act, not later than ninety (90) days, after the indebtedness accrues as defined * * * in Article 5467, shall file his affidavit claiming a lien * * *".

Under plaintiff's primary cause of action it was a subcontractor; had 90 days after June 10, 1971 in which to file its lien; which it did not do.

But plaintiff plead an alternative cause of action which it had a right to do under Rule 48 Texas Rules of Civil Procedure. It alleged in such alternative plea that "Riggs Properties, Inc., is the alter ego of James F. Riggs and that James F. Riggs was the principal of Riggs Properties, Inc., * * *" and pursuant to Article 5452—1 V.A.T.S. all parties who contracted with James F. Riggs to furnish labor or materials for the construction on the Riggs Properties, Inc. tract of land became original contractors (and entitled to 120 days in which to file their lien affidavit).

Article 5452—1 provides: "Sham Contracts with building and improvement contractors Sham Contracts, Perfecting Liens

1. Whenever any owner of real property shall enter into any contract with a corporation for the construction * * * of any house * * * and said owner can effectively control the corporation with whom such contract is made * * *; *or, when any owner of real property shall enter into such a contract with any natural person * * * for such construction * * *,* and it shall be proved by a preponderance of the evidence *that such contract was made without good faith intention * * * of the parties thereto that it was to be performed by said person * * *, then in either such event, any person, firm or corporation who, under a direct contractual relationship with said person * * * and who may * * * furnish labor or material to be used in the * * * work under such contract shall be deemed to be in a direct contractual relationship with the owner* and may perfect his lien against the property in the same manner as any other original contractor."

The foregoing thus provides that if an owner of land contracts with a person for construction, and it is proved it was intended by the parties such contractor was not to so perform, then anyone in direct contractual relationship with the original contractor shall be deemed an original contractor with the landowner, and may perfect his lien in the same manner as an original contractor (120 days).

Defendants' summary judgment was granted on the pleadings. The petition to which the motion is directed is to be construed most liberally in favor of the pleader, and such petition is entitled to the benefit of every reasonable inference which can properly be drawn in its favor. Labbe v. Carr, Tex.Civ.App., nre, 369 S. W.2d 952; General Plywood Corp. v. Collins, Tex.Civ.App., nwh, 414 S.W.2d 224; Garza v. Perez, Tex.Civ.App., nwh, 443 S.W.2d 855.

Plaintiffs alternative plea alleged Riggs Properties, Inc., the landowner was an alter ego of James F. Riggs the contractor, and that James Riggs effectively controlled the corporation, and that the contract between Riggs Properties, Inc. and James F. Riggs was a sham contract. If plaintiff can prove such contract was a sham and it was not intended that James F. Riggs do the construction, then plaintiff as a subcontractor of James F. Riggs, by virtue of the Article 5452—1 becomes an original contractor, and has 120 days to file his lien under Article 5453.

The movants for summary judgment did not carry its burden in negating plaintiff's alternative plea. See Gibbs v. General Motors Corporation, Tex., 450 S.W.2d 827; Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co., Tex., 391 S.W.2d 41; Torres v. Western Cas. & Surety Co., Tex., 457 S.W.2d 50.

Torres supra holds that when defendants filed their motion for summary judgment the burden was upon them to meet the plaintiff's case as pleaded. This defendants did not do.

Plaintiff's points are sustained.

Reversed and remanded.