**E & E ENTERPRISES, INC., Appellant,**

**v.**

**Homer R. CASTON, Jr., and G. C. Butler, Appellees.**

**No. 5293.**

Court of Civil Appeals of Texas, Waco.

Oct. 31, 1973.

Rehearing Denied Nov. 29, 1973.

---

Anderson, Henley, Shields, Bradford & Pritchard, Dallas, for appellant.

Homer R. Caston, Jr., Sherman, and G. C. Butler, Bonham, for appellees.

## OPINION

McDONALD, Chief Justice.

Plaintiff E & E Enterprises, Inc., sued defendants Homer R. Caston, Jr., and G. C. Butler d/b/a Rowton Construction Company, Rowton Construction Co., Inc., and Pala, Inc., for balance due on installation of kitchen cabinets in two apartment projects.

Plaintiff further alleged in the alternative that Rowton Construction Co., Inc., and Pala, Inc., were at all times herein mentioned the alter ego of the individual defendants Caston and Butler.

Rowton Construction Co., Inc., and Pala, Inc., answered by general denial. Caston and Butler answered that plaintiff's contracts were with Rowton Construction Co., Inc., and Pala, Inc., both of which had filed bonds under Article 5472d Vernon's Ann.Tex.St., for which reasons plaintiffs had improperly brought its action against them.

Thereafter Caston and Butler moved for summary judgment asserting that plaintiff (a subcontractor) contracted in writing with Rowton Construction Company, Inc., (the general contractor) for cabinet installation in the first apartment project; and with Pala, Inc., (the general contractor) for cabinet installation in the second apartment project; that plaintiff had notice they were dealing with the two corporations; that the individual stockholders are not liable for the claims asserted; and that both corporations were bonded in compliance with Article 5472d VATS.

The record reflects that Caston and Butler are majority stockholders in Rowton Construction Co., Inc., and Pala, Inc.; and plaintiff's claim is based on a contract in writing with the two corporations.

The trial court rendered summary judgment severing defendants Caston and Butler from the case, and decreeing plaintiffs take nothing as to defendants Caston and Butler.

Plaintiff appeals contending "the trial court erred in granting the motion for summary judgment".

Plaintiff sued the two corporations with which it had written contracts, and in addition sued defendants Caston and Butler, alleging by alternative pleading that Rowton Construction Co., Inc., and Pala, Inc., were "at all times herein mentioned the alter ego" of defendants Caston and Butler.

Summary judgment should be affirmed only if the summary judgment proof established a right thereto as a matter of law. Here movants for summary judgment did not carry their burden in negating plaintiff's alternative plea. Gibbs v. General Motors Corp., Tex.S.Ct., 450 S.W.2d 827; Great American Reserve Ins. Co., v. San Antonio Plumbing Supply Co., Tex.S.Ct., 391 S.W.2d 41; Torres v. Western Cas. & Surety Co., Tex.S.Ct., 457 S.W.2d 50; United Distributing of Texas, Inc. v. Riggs Prop., Inc., CCA, NWH, 496 S.W.2d 719; Farley v. Prudential Ins. Co., Tex.S.Ct., 480 S.W.2d 176.

If plaintiff can prove and secure fact findings that the two corporations were the alter egos of Caston and Butler, and were shams, it would be entitled to recover against them individually.

Torres and United Distributing, supra, hold that when defendants filed their motion for summary judgment the burden was on them to meet the plaintiff's case as

pleaded, including the alternative plea that Caston and Butler were alter egos of the two corporations.

And Farley supra, holds that defendants' burden was to disprove all of plaintiff's allegations, which here includes the alternative plea, before summary judgment would be proper.

Plaintiff's point is sustained.

Reversed and remanded.