**Mechthilde HEBERT and Earl D. Hebert, Appellants,**

v.

**CONTINENTAL LAND CORPORATION et al., Appellees.**

No. 5352.

Court of Civil Appeals of Texas, Waco.

Aug. 15, 1974.

Oppenheimer, Rosenberg, Kelleher & Wheatley, Inc., Luther H. Soules, III, San Antonio, for appellants.

Rein J. VanderZee, VanderZee & Ervine, Kerrville, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiffs Hebert from summary judgment that they take nothing (except $295. refund of money paid; and $450. attorney's fees) in their suit against defendants.

Plaintiffs sued defendants alleging defendants sold plaintiffs a Florida lot upon which plaintiffs paid defendants $295. down; that defendants failed to deliver contract for the lot but attempted to substitute a different lot; that defendants refused to return plaintiffs $295; that when plaintiffs demanded return of their $295. defendants wrote plaintiffs a letter falsely charging them with commission of a crime and threatening plaintiffs with criminal prosecution and civil suit for fraud and conspiracy; that the letter constituted a libel which was published to others; that receipt of the letter caused plaintiff Mrs. Hebert physical and mental injury, and plaintiff Mr. Hebert loss of Mrs. Hebert's companionship; that defendants violated the Florida Uniform Land Sales Practices Act; for all of which plaintiffs sought actual and exemplary damages.

Defendant filed a general denial, and motion for summary judgment asserting plaintiffs had alleged they had rescinded

the contract of purchase of the lot which defendant agreed was true; and that plaintiffs alleged a cause of action (on the letter) based on mental anguish only (without physical injury) of the plaintiff Mrs. Hebert.

The record on appeal consists of the transcript, depositions of the two plaintiffs, Dr. Noller, and John Wentland, president of defendant corporations.

The trial court rendered summary judgment plaintiffs recover $295. paid on the lot; $450. attorney's fees assessed earlier in the case because defendants did not respond to interrogatories as required by Rule 168 T.R.C.P.; and that plaintiffs take nothing by their allegations set out in plaintiffs' second amended original petition.

Plaintiffs appeal on 2 points contending the trial court erred in rendering summary judgment on plaintiffs' "whole case"; and on plaintiffs' cause of action for "personal injuries".

Plaintiffs as noted plead several causes of action including causes of action for: 1) Defendants withholding $295. paid by plaintiffs on the lot; 2) Personal injury to Mrs. Hebert by reason of the letter threatening criminal prosecution and suit; 3) Personal injury to Mr. Hebert for loss of Mrs. Hebert's companionship; 4) Libel; and 5) Violation of the Florida Land Sales Act.

The depositions on file reflect that Mrs. Hebert suffered physical injury as well as mental anguish resulting from the letter written by defendants.

■ Summary judgment should be affirmed only if the summary judgment proof established a right thereto as a matter of law. Gibbs v. General Motors Corp., Tex., 450 S.W.2d 827; Swilley v. Hughes, Tex., 488 S.W.2d 64.

■ Defendants' motion for summary judgment does not meet plaintiffs' case as plead except as to the withholding of the $295. paid, and to the injury sustained by Mrs. Hebert caused by the threatening letter.

The $295. awarded by the court's judgment makes no account for interest and is not adequate damage for the withholding of same. The depositions establish Mrs. Hebert suffered physical injury as well as mental anguish; and the other items of plaintiffs' damage are not negated. Defendants did not carry their burden in meeting and negating plaintiffs' case as pleaded. The trial court erred in rendering summary judgment. Torres v. Western Cas. & Sur. Co., Tex., 457 S.W.2d 50; E & E Enterprises, Inc., v. Caston, et al., Tex.Civ.App., NWH, 501 S.W.2d 445; United Distributing of Texas, Inc., v. Riggs Properties, Inc., Tex.Civ.App., NWH, 496 S.W.2d 719.

Plaintiffs' points are sustained.

Reversed and remanded.