SMITH DRINKARD v. WILLIAM INGRAM AND ANOTHER.

A Court of Equity will in no case interpose to relieve a party from the conse-
quences of his own neglect or laches.

Applications for new trial upon such grounds will be refused.

Neither will a Court of Equity relieve a party against the fault or negligence
of his attorney.

But where a party occupies a merely defensive attitude upon the record, as
where he is sued upon a judgment from another State, and he resists a re-
covery upon the ground that the judgment sued on, was fraudulently obtained,
he is entitled to interpose this defence without showing that he has been
guilty of no laches.

If it be shown that a judgment was obtained by fraud, it cannot afford the
basis of a recovery, though it may have been rendered upon a just demand,
and for which a judgment might have been rightfully rendered.

A question of fraud, especially of fraud in fact, should be left to the jury for
their decision, and a charge of the Court which drew the conclusion of fraud
from the evidence, and virtually decided the question was erroneous, as
charging on the weight of evidence, however just the conclusion of the Court
may have been.

Error from Smith.    Tried below before Hon. J. H. Reagan.

This suit was brought by appellant to recover the amount
of a judgment rendered in his favor against the appellees in
the Circuit Court of Alabama.

The suit in Alabama was trover to recover a negro slave,
or his value ; two trials were had there.    On the first, plain-
tiff recovered a judgment for $58 90, and the defendant asked
for and obtained a new trial, and at the succeeding Term
another trial was had and a verdict and judgment were ren-
dered for plaintiff for $927 50.

The appellees in their answer set up, " that if any new trial
was granted in the cause in Alabama, it was done without
their consent, contrary to their wishes or instructions, and to

defraud them ;" and that they paid off the first judgment and costs to Thomas Smith, Deputy Sheriff, &c. They set up title to the negro in Mrs. E. Ingram, and say that the suit in Alabama, though in form of trover, was only intended to recover about $70 damages for the services of the negro, which had been hired by Drinkard of Mrs. Ingram, and which negro she had taken possession of before the expiration of the time for which he was hired, and that the judgment was obtained by fraud, combination, &c.

The plaintiff filed special exceptions to this answer, which were overruled by the Court.

The facts proved on the trial are not material to a proper understanding of the Opinion.

The Court charged the jury as follows : " If the facts proven show that Mrs. Ingram, one of the defendants, hired the negro boy to Lee, and that Lee hired him to the plaintiff ; that the boy by some means came into the possession of Mrs. Ingram ; that Drinkard was entitled to the services of the boy for eight months after his return to his mistress, and that his services for that length of time were worth seventy dollars ; and if you believe that the suit, though brought in the form of trover, that is, for the boy or his value, was in reality only a suit for the recovery of the services of the boy ; and if the plaintiff, with such a cause of action, managed to obtain a judgment for nine hundred and twenty-eight dollars, this gross and unreasonable disproportion between the amount of the demand and the judgment, especially where it is apparent that it is the result of mere form in legal proceedings, and not of right established by testimony, is such a departure from the principles of common reason, and common right, as shows that the judgment is a fraud upon defendants, and will warrant you in finding for them."

There was a verdict and judgment for defendants.

The plaintiff filed, among others, the following assignments of error :

1st. The Court erred in overruling plaintiff's exceptions to the answer.

2d. The Court erred in its charge.

3d. In refusing a new trial.

*J. C. Robertson*, for plaintiff in error. I. According to the authorities, English and American, the rule is that when a defendant at law, after judgment, seeks the aid of a Court of Chancery, in matter which would have formed a good defence at law, he must show that his failure to avail himself of his defence at law is not attributable to any negligence or want of diligence on his part, but to fraud, accident, or the act of the opposite party, unmixed with any negligence or fault on his part. (French v. Garner, 7 Por. 549 ; McGrew v. Tombeckbee Bank, 5 Por. 547 ; Mock v. Condiff, 6 Id. 24 ; Lee & Morton v. Insurance Bank, 2 Ala. R. 20 ; Cullum v. Casey, 1 Ala. R. 351 ; Sturnett & Townsend v. The Bank, 9 Ala. R. 120 ; Foster v. Bank, 17 Id. 672 ; Powell v. Stuart, 17 Id. 719 ; Perine v. Carlisle, 19 Id. 686 ; Tallaiferro v. Bank, 23 Id. 755 ; McGowen v. Young, 2 Stuart & Por. 160 ; Foster v. Wood, 6 Johns. Ch. R. 87 ; Duncan v. Lezon, 3 Id. 351 ; Lansing v. Eddy, 1 Id. 51 ; The Auditor v. Nichols, 2 Mansford, 139.)

II. A valid excuse, for not defending at law, must not only be alleged but must be proved. (7 Leigh's R. 227 ; French v. Garner, 7 Por. 549.)

III. The fraud or neglect of the parties' own attorney is not a ground for relief against the opposite party, although the attorney may be liable for his fraud or neglect to his own client. For injuries resulting to clients from negligence or inattention on the part of their attorney, Courts cannot redress against the other party to the suit. Redress must be sought in a new action against a new party. (Barrow v. Jones, 1 J. J. Marshal's R. 470.)

IV. The charge of the Court below, if written in concise language, would read thus: "Gentlemen of the jury, go out and find for the defendants."

*Selman & Davis,* for defendants in error.

WHEELER, J. We are referred, on behalf of the appellant, to numerous decisions of the Supreme Court of Alabama, and to decisions of other Courts, for the doctrine that after judgment has been recoverd at law, a Court of Chancery will not interfere to afford relief against the judgment, on account of matter which would have been a good defence at law, unless the defendant in the judgment was ignorant of the fact in question, or was prevented from availing himself of the defence, by fraud or accident, or the act of the opposite party, unmixed with negligence or fault on his part; that the party seeking the aid of a Court of equity, in such a case, must show that his failure to make his defence was not attributable to his own neglect, or want of diligence.

Of the correctness of this doctrine there can be no question. A Court of equity will interpose in no case to relieve a party against the consequences of his own negligence or laches.

It is also true that Courts, in disposing of applications for new trials, where the Court, whether a Court of law or equity, proceeds upon equitable principles, will refuse the application on similar grounds. Neither will a Court of equity relieve a party against the fault or negligence of his attorny; as in the case cited, where the attorney went into the trial in the absence of the complainant, and unprepared, and suffered a verdict to go against him, the Court refused to relieve the complainant from the judgment caused by the fault of the attorney; leaving him to seek his redress against the attorney. (Brown v. Jones, 1 J. J. Marsh. 470.)

These are familiar doctrines, which this Court cannot fail to recognize; and which have often been enforced by its de-

cisions: doctrines which no one will controvert. But they have no application to this case. These defendants are not seeking the aid of a Court of equity to relieve them against the judgment recovered against them in the State of Alabama. They do not invoke the interposition of the Chancellor in Alabama or in Texas, to enjoin the collection of a judgment recovered against them by reason of their own negligence, or that of their attorney. They are not beseeching a Court of equity or law to re-open the merits of the judgment, and grant them a new trial. They are not complainants seeking to set aside a judgment ; but they are defendants, resisting a recovery against them in a suit brought upon the Alabama judgment, on the ground that it was obtained by fraud. Theirs is a merely defensive attitude upon the record ; and the ground they assume is that the plaintiff is not entitled to any recovery upon his judgment, because it was fraudulently obtained. There is no such doctrine applicable to their case, as that to entitle a party to interpose to an action upon a judgment this defence, he must have been guilty of no laches. The right to urge their defence against the judgment has no such qualification annexed to it. Fraud is a defence which is cognizable as well in Courts of law as of equity ; and, it is said, it is even more odious than force ; it annuls all contracts, and even the most solemn acts and judgments of Courts, which are infected with it. If it be shown that the judgment was obtained by fraud, it is scarcely necessary to say it cannot afford the basis of a recovery, though it may have been rendered upon a just demand. If fraudulently obtained, whether upon a demand which was well or ill-founded is immaterial, as respects the plaintiff's right to recover upon it in this action, it cannot authorise or support a recovery for the sum for which judgment might have been rightfully rendered for the plaintiff. The justice or injustice of the plaintiff's demand is only material in this suit, in so far as it may conduce to the proof or disproof of the alleged fraud in obtaining the judgment.

Drinkard v. Ingram.

Whether it was so obtained was the question for decision by the jury. If the charge of the Court had left the question to their decision, the only remaining inquiry would have been, whether their verdict was warranted by the evidence. But, as the case is presented, that question does not at present arise. The Court, by its charge, drew for the jury the conclusion of fraud from the evidence, and virtually decided the question, instead of submitting it to their decision. The conclusion of the Court may have been quite just; but it should have been left to the jury to draw their own conclusions for themselves from the evidence; especially upon a question of fraud in fact, which it is peculiarly within their province to decide. The objection that the Court charged upon the weight of evidence we therefore think well taken. And as the judgment for this error must be reversed, and the cause be remanded for a new trial, it does not become necessary to inquire respecting the sufficiency of the evidence. It may be different upon another trial. The judgment is reversed and the cause remanded.

Reversed and remanded.