Bert YOUNG, Appellant,

v.

TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.

No. 5191.

Court of Civil Appeals of Texas, Waco.

Nov. 16, 1972.

Bean, Francis, Ford, Francis & Wills, Leland Dennis, II, Dallas, for appellant.

Gardere, Porter & DeHay, Edward E. Crowell, Jr., Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Young from summary judgment that he take nothing in a suit to set aside a compromise settlement in a workman's compensation case.

Plaintiff sued defendant insurance carrier alleging he sustained permanent injury to his lower back on December 1, 1969 while employed by Oil City Brass Works in Beaumont; that he was induced to enter a compromise settlement agreement with defendant on March 18, 1970 by false and misleading representations which constituted fraud, made by defendant's agent; that the settlement agreement is unfair and unjust and fails to compensate plaintiff for his injuries.

The summary judgment evidence consists of plaintiff's response to defendant's requests for admissions; and the depositions of plaintiff, defendant's claim adjuster Mike Smith, and plaintiff's employer George Bryant.

Defendant moved for summary judgment, which motion was granted, and judgment rendered that plaintiff take nothing.

Plaintiff appeals on one point: "The trial court erred in granting the motion for summary judgment."

Plaintiff suffered a back injury on December 1, 1969; was off the job, was operated on and almost ready to go back to work when on March 8, 1970, while intoxicated, he suffered an injury which aggravated the original back injury. He entered the hospital on March 9, 1970 where he remained until March 14, 1970. The doctor told plaintiff the disc on which the first operation was performed had been aggravated, and additional surgery was needed. Additional surgery was scheduled for March 18 or 19, but plaintiff was released from the hospital on March 14, 1970 because defendant insurance company denied liability. Plaintiff returned to his home, where the compromise settlement

agreement was made. It provided for payment to plaintiff of $2800. plus the $630. previously paid, plus $2500. additional surgery if "authorized in advance" by defendant. (The settlement was raised to $3100. by the Industrial Accident Board). On March 16 and 17 Mike Smith came to plaintiff's home. Smith told plaintiff among other things, that because he had been drinking the second injury would not be compensable, even though Smith was aware that intoxication had nothing to do with an aggravation of a previous compensable injury. Plaintiff signed the compromise settlement agreement thinking it was the only way he could obtain subsequent surgery on his back. Plaintiff has had two subsequent operations on his back which were paid for by private insurance plaintiff had. Defendant only paid *$170.* of the $2500. stipulated in the settlement agreement.

Plaintiff in response to defendant's requests for admissions testified the following representations were made to him by Mike Smith, the adjuster for defendant. "I was told that since the State's Workman's Compensation Law provided that since I was under the influence of alcoholic beverages on March 8, 1970, that I could not recover any benefits for that reason."

There is evidence from which a trier of fact could find that plaintiff relied on Smith's false representations when making the settlement agreement.

 In suit to set aside on ground of fraud compromise settlement agreement in a workman's compensation case which has been approved by the Industrial Accident Board, the plaintiff must show that false representations were made by defendant or its agent; that plaintiff relied on such representations, and that his injury is greater than the amount paid. Brannon v. Pacific Employers Insurance Company, 148 Tex. 289, 224 S.W.2d 466.

Fraud vitiates every transaction tainted by it, even the solemn judgment of courts of record. Drinkard v. Ingram, 21 Tex. 650; and the existence of fraud is a question of fact for the trier of facts. Drinkard v. Ingram, supra; Graham v. Roder, 5 Tex. 141. See also Duncan v. Texas Employers' Insurance Association, Tex.Civ.App., Er.Dis. 105 S.W.2d 403.

Summary judgment should be granted, and if granted should be affirmed, only if the summary judgment record establishes a right thereto as a matter of law. Gibbs v. General Motors Corp., Tex., 450 S.W.2d 827. See also Carruth v. Allen, Tex.Civ.App., NWH, 368 S.W.2d 672; Russell v. Dooley, Tex.Civ.App., NWH, 260 S.W.2d 908.

Viewing the evidence most favorably in the light of the plaintiff, there is evidence from which a trier of fact could have held for the plaintiff.

Plaintiff's point is sustained.

Reversed and remanded.