**Mrs. E. L. FARNSWORTH, Appellant,**

v.

**Louis F. DOLCH, Appellee.**

**No. 5193.**

Court of Civil Appeals of Texas, Waco.

Nov. 30, 1972.

Rehearing Denied Dec. 28, 1972.

---

1.  See Article 6701d, Sec. 61(a), Vernon's Ann.Civ.St.

**532**

Robert D. Grisham, Abilene, for appellant.

Kilgore & Kilgore, Don E. Williams, W. D. Masterson, Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Farnsworth from summary judgment against her in favor of plaintiff Dolch for $25,000, interest and attorneys' fees, in suit on a note.

Plaintiff Dolch sued defendant Farnsworth March 22, 1972, alleging defendant on March 30, 1970 executed and delivered to Charles E. Young a promissory note for $25,000; that Young endorsed and delivered the note to plaintiff who is legal owner of such note; that demand for payment was made, and defendant failed and refused to pay same. A copy of the note and endorsement thereon was attached.

Defendant answered by general denial, and by affirmative defense pled the execution and delivery of the note was induced solely by fraudulent misrepresentation of Charles E. Young, and that the endorsement or assignment of the note by Young to plaintiff was made subsequent to the due date of said note.

Thereafter plaintiff moved for summary judgment attaching thereto affidavits of Young and plaintiff.

Young's affidavit states he loaned defendant $25,000 and took her note therefor; that the note was not paid on June 1, 1970, the due date thereof; and thereafter he endorsed the note to plaintiff.

Plaintiff's affidavit states he loaned Young $25,000 on June 1, 1971 and thereafter Young endorsed the Farnsworth note to him; that he is owner of the note; and that it has not been paid.

The note shows it was due on June 1, 1970, and was endorsed by Young to plaintiff subsequent to June 4, 1971.

Defendant in opposition to plaintiff's motion for summary judgment filed her affidavit and the affidavit of L. Glynn Ray.

Mrs. Farnsworth's affidavit states Charles Young was for many years manager of her financial and business affairs, including Box Field Ltd., which owns oil and gas leases, and from which she was entitled to 48% of the profits; that such was her primary source of income; that prior to signing the note Young told her there were no profits from Box Field; that she owed Box Field $28,421; that her income was terminated; that he had found a purchaser for her interest in Box Field, and if she would give him her note for $25,000 he would loan her such until her interest in Box Field could be sold; that Young had no purchaser and no sale was consummated; that she employed Glynn Ray a CPA to examine the books and records of Box Field; that he did so; and determined Box Field owed her $36,663.30; that she advised Young of this, and he endorsed the note to Dolch, long after its due date.

Ray's affidavit states he is a CPA; that he examined the books of Box Field Ltd., and such books reflect that on March 31, 1971 Box Field Ltd., was indebted to Mrs. Farnsworth in an amount in excess of $30,000.

The trial court granted plaintiff's motion and rendered summary judgment for plaintiff for $25,000, interest and attorneys' fees.

Defendant appeals on one point: "The court should not have granted plaintiff's motion for summary judgment because plaintiff failed to show by competent summary judgment evidence that there is no genuine issue as to any material fact pertinent to the cause of action, and that he is entitled to judgment as a matter of law."

Summary judgment should be granted, and if granted should be affirmed *only* if the summary judgment proof establishes a right thereto as a matter of law. Gibbs v. General Motors Corp., Tex., 450 S.W.2d 827. The burden of proof is on the movant and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. Great American Res. Ins. Co. v. San Antonio Plumbing Sup. Co., Tex., 391 S.W.2d 41.

All defenses available against the payee of a note are available against his assignee claiming the note by an endorsement made after its maturity. Goodson v. Johnson, 35 Tex. 622; Harrington v. Claflin, 91 Tex. 294, 42 S.W. 1055; Anglin v. Cisco Mtg. Co., 135 Tex. 188, 141 S.W.2d 935; Article 568 Vernon's Ann.Tex.St.

Fraud vitiates every transaction tainted by it; and the existence of fraud is a question of fact for the trier of facts. Drinkard v. Ingram, 21 Tex. 650; Graham v. Roder, 5 Tex. 141.

Defendant plead fraud as an affirmative defense against the payee Young, and the note was endorsed by Young to plaintiff after its due date. Thus such defense is available as to plaintiff.

Defendant's affidavits in opposition to plaintiff's motion for summary judgment substantiate her defense of fraud and preclude summary judgment for plaintiff.

Summary judgment for plaintiff was improper. Defendant's point is sustained.

Reversed and remanded.