**Dorothy MIDDLEMAN, Appellant,**

v.

**ATLANTIC MUTUAL INSURANCE COMPANY, Appellee.**

**No. 6203.**

Court of Civil Appeals of Texas, Waco.

April 3, 1980.

Rehearing Denied May 1, 1980.

Chrysanthe A. Lambros, Les Mendelsohn, Thomas S. Hoekstra, Branton & Mendelsohn, Inc., San Antonio, for appellant.

Emilio M. Garza, Clemens, Spencer, Welmaker & Finck, San Antonio, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Dorothy Middleman from summary judgment that she take nothing in a suit to set aside a compromise settlement in a worker's compensation case.

Plaintiff sued defendant insurance carrier alleging she is the widow of Joe S. Middleman; that he sustained an accidental

injury at his place of business on August 12, 1970; that as a result of said injury he died on August 15, 1970; that plaintiff filed application for workmen's compensation death benefits with her husband's employer; that the agents and/or employees of defendant fraudulently misrepresented the workmen's compensation laws to plaintiff; informed her her application for workmen's compensation death benefits was not timely filed, when in fact same was timely filed; informed her she was entitled to no benefits under the workmen's compensation laws, but would pay her $2,500. if she would execute the compromise settlement agreement; that she relying on their misrepresentations signed the compromise settlement and received $2,500.; that she was entitled to a far greater sum.

Defendant answered by general denial; that plaintiff's cause of action was barred by limitations; that plaintiff ratified the compromise settlement; that plaintiff waived any right to set it aside; and is estopped from setting same aside.

Defendant moved for summary judgment that plaintiff take nothing which motion was granted, and judgment rendered that plaintiff take nothing.

Plaintiff appeals on 3 points asserting the trial court erred in granting defendant's motion for summary judgment because a material fact issue existed: as to whether plaintiff's cause of action was barred by limitation; as to whether defendant made fraudulent representations to plaintiff regarding the timeliness of her claim; and whether plaintiff ratified the compromise settlement or waived her right to rescind or was estopped to challenge its validity.

Defendant's motion for summary judgment was supported by the affidavit of Alton Schmidt, Senior Claims Representative of defendant, who states that he has personal knowledge of the claim records of defendant for 1971; that he attaches the records from the Industrial Accident Board of plaintiff's claim including the Compromise Settlement Agreement and the Board's award of $2,500., and a xerox copy of the check in payment of such settlement and award. The Board's records reflect that plaintiff's husband hurt his leg while working in his employer's shoe store; that his leg had a hematoma; that this necessitated stopping anti-coagulants he had been taking; that off the anti-coagulants he developed a pulmonary embolism which resulted in his death. The check reflects that it was for "compromise settlement agreement" and was endorsed by plaintiff.

Plaintiff filed opposition to defendant's motion for summary judgment asserting issues of material facts in that plaintiff was induced by the fraudulent representation of defendant's agent John Storch to sign the compromise settlement; that she did not know or should not have known of the fraud until May 1977; thus, the four year statute of limitations could not begin to run until May 1977; that her suit was filed in August 1977.

Plaintiff's affidavit in support of her opposition to summary judgment states that her husband injured his leg at work on August 12, 1970; that as a result of that injury he developed an embolism, and died August 15, 1970; that on July 2, 1971 she entered a settlement with the worker's compensation carrier; that she had no attorney, was 65 years old; had gone to Mr. John Storch's (agent of defendant) office to inquire about the status of the claim; that Mr. Storch advised he would offer her $2,500. In settlement; that she had waited too long to file the claim, and if she hired an attorney the case would take years and she might end up with no settlement at all; that she telephoned her husband's employer and he advised her to accept the settlement; that she accepted the settlement based on what Mr. Storch told her; that she learned in May 1977 of Mr. Storch's misrepresentation and how unfair the settlement was.

■ In suit to set aside on ground of fraud compromise settlement agreement in a worker's compensation case which has been approved by the Industrial Accident Board, the plaintiff must show that false representations were made by defendant or its agent; that plaintiff relied on such representations, and that his injury is greater

than the amount paid. *Brannon v. Pacific Employer's Ins. Co.,* 148 Tex. 289, 224 S.W.2d 466.

 Fraud vitiates every transaction tainted by it. *Drinkard v. Ingram,* 21 Tex. 650; and the existence of fraud is a question of fact for the trier of facts, *Drinkard v. Ingram,* supra; *Graham v. Roder,* 5 Tex. 141; *Young v. Texas Employers' Ins. Assn.,* Tex.Civ.App. (Waco) NWH, 488 S.W.2d 551. *Farnsworth v. Dolch,* Tex.Civ.App. (Waco) NRE, 488 S.W.2d 531.

Fraud in the inducement is fatal to a contract. One who is induced by fraud to enter into a contract has the choice of two remedies. He may stand to the bargain and recover damages for the fraud, or he may rescind. *Dallas Farm Machinery Co. v. Reaves,* 158 Tex. 1, 307 S.W.2d 233; *Central Motor Co. v. Thompson,* Tex.Civ. App. (Waco) NWH, 465 S.W.2d 405.

And there is no real assent to any agreement induced by fraud. *King v. Wise,* Tex.Com.App., 282 S.W. 570; *Dudley v. Lawler,* Tex.Civ.App. (Waco) NWH, 468 S.W.2d 160.

Limitations governing actions based on fraud commence to run from the time of discovery of the fraud or from the time the fraud might have been discovered by use of reasonable diligence. *Wise v. Anderson,* 163 Tex. 608, 359 S.W.2d 876.

And discovery of fraud or what constitutes reasonable diligence to discover fraud is a question of fact. *Ruebeck v. Hunt,* 142 Tex. 167, 176 S.W.2d 738; *Crow v. Crow,* Tex.Civ.App. (Waco) NWH, 485 S.W.2d 928.

Summary judgment should not be granted, and if granted should be affirmed *only* if the summary judgment proof establishes a right thereto as a matter of law. *Gibbs v. General Motors Corp.,* Tex., 450 S.W.2d 827. The burden of proof is on the movant and all doubts as to the existence of genuine issue as to material fact are resolved against him. *Great American Res. Ins. Co. v. San Antonio Plumbing Supply Co.,* Tex., 391 S.W.2d 41.

Plaintiff's affidavit substantiates her allegations of fraud; defendant's affidavit and summary judgment proof in no way negates fraud, and in no way establishes limitations, ratification or waiver by plaintiff or estoppel.

Summary judgment for defendant was improper. Plaintiff's contentions and points are sustained.

REVERSED and REMANDED.