Frank MADDUX, Appellant,

v.

Jewel BROWNEN, Appellee.

No. 10–88–111–CV.

Court of Appeals of Texas,
Waco.

Sept. 29, 1988.

Rehearing Denied Oct. 27, 1988.

Jim Parker, Comanche, for appellant.

Connie White, Crouch & White, Hamilton, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff from summary judgment that he take nothing in his suit to quiet title to 5 acres of land and which judgment further decreed defendant recover from plaintiff the 5 acres of land.

Plaintiff Maddux filed suit on September 17, 1987, against defendant Brownen to set aside a judgment of divorce between plaintiff and defendant and to set aside a deed from plaintiff to defendant executed pursuant to such judgment.

Plaintiff alleged defendant filed suit for divorce on April 21, 1982; that he signed a waiver; that on July 30, 1987, the trial court rendered a divorce decree divesting plaintiff of his home and 5 acres of his land (all separate property); that he signed a conveyance of the land pursuant to the requirement of the judgment as a result of fraud; that he and defendant continued to live on the land for 5 years.

Plaintiff further claimed the 5 acres on the ground of adverse possession but has abandoned this portion of his claim.

Defendant answered by general denial, plead the 4–year statute of limitations, laches, and filed a cross-action for the land.

Defendant then filed a motion for summary judgment alleging plaintiff sought to set aside a divorce judgment and the deed executed pursuant thereto on the ground of fraud; that plaintiff and defendant were divorced on July 30, 1982, which decree awarded defendant title to the 5 acres; that pursuant to such decree plaintiff conveyed the 5 acres; that on October 27, 1982, Maddux (plaintiff) filed a Bill of Review to set aside the judgment and deed on

the ground of fraud; that same was dismissed on February 8, 1984 by the court for want of prosecution; and prayed that Maddux take nothing.

Defendant filed an affidavit in support of her motion for summary judgment stating she was divorced from plaintiff on July 30, 1982; that in the decree she was awarded the 5 acres; that plaintiff thereafter conveyed same to her; and that she has paid taxes on the property since such date.

■ Maddux responded to the motion for summary judgment alleging the 5 acres was his separate property; that defendant perpetrated a fraud on plaintiff and continued such fraud until September 19, 1986, when plaintiff found out that what defendant was telling about their marriage was a lie; that plaintiff did not become aware of defendant's fraud until sometime in 1986. Attached was Maddux's affidavit stating: That he became acquainted with defendant about a year before they were married; that they started dating in June 1981 and married March 1, 1982; that in February 1982 plaintiff gave J.W. Gann (defendant's son-in-law) 50 acres of his land to build him a home on the 5 acres here involved; that after the construction was complete plaintiff and defendant moved into the house; that after they married defendant complained she had lost her deceased husband's $300 per month pension and plaintiff agreed to give her $300 per month to substitute; that 1 month after they married defendant separated from plaintiff although they continued to live together until 1986; that after the divorce defendant continued to stay with plaintiff and told him, "after we get on our feet we would get married again"; that as late as 1986 defendant said they would remarry and live in the house as man and wife; that they stayed in the house (although she also had an apartment in Meridian) until September 19, 1986, when defendant served on him a notice to get out within 10 days; that he believed he and defendant would be remarried as she said; that he spent $800 sending her to Las Vegas; that plaintiff spent hundreds of dollars in cash on defendant and gave her hundreds of dollars in checks

because he thought she was telling the truth "about us being remarried"; and he truly believed defendant was going to be his wife until he got the notice to vacate; and that after he filed the Bill of Review defendant cried and told him they were going to be remarried and he caused the Bill of Review to be dismissed. "I was totally taken in by Jewel Brownen and now stand to lose not only the money I spent on her but my home". Attached to the affidavit are xerox copies of some $15,000 in cancelled checks given to defendant by plaintiff.

On the foregoing summary judgment record, the trial court rendered judgment that plaintiff take nothing; and that defendant recover from plaintiff the 5 acres.

Plaintiff appeals on 1 point: "The court erred in granting summary judgment".

In reviewing a summary judgment, it is our duty to apply the following rules which are applicable to this case: (1) the movant for summary judgment (defendant Brownen) has the burden of showing there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. *Gibbs v. General Motors Corp.*, S.Ct., 450 S.W.2d 827; *Nixon v. Mr. Property Management Co., Inc.*, S.Ct., 690 S.W.2d 546; (2) in deciding whether or not there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant (plaintiff Maddux) will be taken as true. *Cowden v. Bell*, 157 Tex. 44, 300 S.W.2d 286; (3) every reasonable inference must be indulged in favor of nonmovants and any doubts resolved in their favor. *Wilcox v. St. Mary's University of San Antonio*, S.Ct., 531 S.W.2d 589; (4) a party opposing the motion for summary judgment is not required to establish his right to prevail. *Glenn v. Prestegord*, S.Ct., 456 S.W.2d 901; and (5) when a defendant moves for summary judgment on the basis of an affirmative defense (as here) he must conclusively prove all essential elements of that defense. *Swilley v. Hughes*, S.Ct., 488 S.W.2d 64; *DeCluitt v. DeCluitt*, CCA (Waco) Er. Dism'd, 613 S.W.2d 777.

Fraud vitiates every transaction tainted by it, even the solemn judgments of courts of record. *Crow v. Crow,* CCA (Waco), NWH, 485 S.W.2d 928. The existence of fraud is a question of fact for the trier of facts. *Drinkard v. Ingram,* S.Ct., 21 Tex. 650; *Graham v. Roder,* S.Ct., 5 Tex. 141; *Williams v. Southern Trust & Mortgage Co.,* CCA (Waco) NRE, 537 S.W. 2d 91; *Farnsworth v. Dolch,* CCA (Waco) NRE, 488 S.W.2d 531; *Young v. Texas Emp. Ins. Assn.,* CCA (Waco) NWH, 488 S.W.2d 551; *Bates v. First Nat. Bank of Waco,* CCA (Waco) NWH, 502 S.W.2d 181; *Middleman v. Atlantic Mut. Ins. Co.,* CCA (Waco) NRE, 597 S.W.2d 565; *Dudley v. Lawler,* CCA (Waco) NWH, 468 S.W.2d 160; *DeCluitt,* supra.

The bar of the statute of limitations on actions to set aside a judgment for fraud does not commence to run until defendant discovered or in exercise of due care ought to have discovered the fraud. *Levy v. Roper,* 113 Tex. 356, 256 S.W. 251; *Crow,* supra.

Discovery of fraud or what constitutes reasonable diligence to discover fraud is a question of fact. *Ruebeck v. Hunt,* 142 Tex. 167, 176 S.W.2d 738; *Mooney v. Harlin,* S.Ct., 622 S.W.2d 83. The bar of plaintiff's action by laches is a question of fact and the burden of proof to establish same is upon defendant. *Arrington v. Cleveland,* CCA (Fort Worth) Er. Ref., 242 S.W.2d 400; *Crow,* supra.

Plaintiff's affidavit in opposition to defendant's motion for summary judgment substantiates his defense of fraud and precludes summary judgment for defendant.

Plaintiff's point of error is sustained.

REVERSED & REMANDED.

THOMAS, J., not participating.