ACCEPTED
06-14-00100-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
11/2/2015 9:22:14 PM
DEBBIE AUTREY
CLERK

No. 06-14-00100-CV

_____

IN THE SIXTH COURT OF APPEALS
AT TEXARKANA

_____

RECEIVED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
11/2/2015 9:22:14 PM
DEBBIE AUTREY
Clerk

MARK J. MUELLER,

Appellant

V.

JAMES H. DAVIS, Individually, and
JAMES H. DAVIS D/B/A J. D. MINERALS, and JDMI, LLC.,

Appellee

_____

Appealed from the 71st District Court
of Harrison County, Texas

_____

APPELLANT'S REPLY TO SUR-REPLY BRIEF OF APPELLEE AND RESPONSE TO
MOTION FOR SANCTIONS

_____

BOB WHITEHURST
State Bar No. 21358100
whitehurstlawfirm@yahoo.com
WHITEHURST & WHITEHURST
5380 Old Bullard Road, Suite 600-363
Tyler, Texas 75703
(903) 593-5588
(214) 853-9382 (facsimile)

ATTORNEY FOR APPELLANT

ASSIGNED FOR ORAL ARGUMENT

## IDENTITY OF PARTIES AND COUNSEL

In accordance with Rule 38.1(a) of the TEXAS RULES OF APPELLATE PROCEDURE, Appellant, Mark J. Mueller provides the following list of all parties, and the names and addresses of all counsel:

Appellant/Plaintiff:                                      Mark J. Mueller

Counsel for Appellant:                                Bob Whitehurst
                                                                   State Bar I.D. # 21358100
                                                                   Whitehurst & Whitehurst
                                                                   5380 Old Bullard Road, Suite 600-363
                                                                   Tyler, Texas 75703
                                                                   Telephone: (903) 593-5588
                                                                   Facsimile: (903) 297-1992

Appellee/Defendant:                                  James H. Davis, Individually, and James H. Davis d/b/a J.D. Mineral and JDMI, LLC.

Counsel for Appellee:                                Douglas D. McLallen
                                                                   State Bar I.D. # 00788025
                                                                   1001 Third Street, Ste. 1
                                                                   Corpus Christi, Texas 78404
                                                                   Telephone: (361) 884-4981
                                                                   Facsimile: (361) 884-1286

# TABLE OF CONTENTS

Identity of Parties and Counsel......................................................................... ii

Table of Contents............................................................................................ iii

Index of Authorities........................................................................................ v

Statement of the Case...................................................................................... 1

Statement on Oral Argument........................................................................... 1

Statement of Facts........... ............................................................................... 2

Summary of the Argument ............................................................................. 2

Argument and Authorities.. ........................................................................... 3

    I.  Appellant's Summary Judgment evidence is properly before the Appellate Court because any objections were not preserved............. ............ 3

    II.  The deeds in question are ambiguous and any other reading of them is illogical................................................................................................... 8

        *a.  Confusion exists as to the inclusion of contradictory or allegedly meaningless clauses.............................................................* 8

        *b. Words appearing earlier in a contract have precedence over later appearing words................................................................................* 9

        *c.  The parol evidence rule does not apply due to the ambiguity of the documents...................................................................................* 11

    III.  Appellee, after "laying behind the log" for more than 20 years, should not be rewarded for fraud.............................................................................. 12

    IV.  Response to Appellee's Motion for Sanctions....................................... 14

Conclusion & Prayer....................................................................................... 15

Certificate of Compliance............................................................................... 15

Certificate of Service...................................................................................... 16

# INDEX OF AUTHORITIES

## CASES

*Baylor University Medical Center v. Greeson*, Tex: Court of Appeals, 5th Dist. 2015, No. 05-14-01342-CV.     10

*Boyce's Executors v. Grundy*, 3 Pet. (28 US) 210 (1830).     *13*

*Cartwright v. Trueblood*, 90 Tex. 535, 39 S.W. 930 (1897).     *10*

*Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.*, 940 S.W.2d 587 (Tex. 1996).     *11, 12*

*Colvin v. Texas Dow Emps. Credit Union* No. 01-11-00342-CV, 2012 WL 5544950, (Tex. App.--Houston [1st Dist.] Nov. 15, 2012, no pet.).     *4*

*Dallas Farm Mach. Co. v. Reaves,* 158 Tex. 1, 307 S.W.2d 233 (1957).     *13*

*Dorsett v. Cross,* 106 S.W.3d 213 (Tex. App.--Houston [1st Dist.] 2003, pet. denied).     *10*

*Drinkard v. Ingram* (Tex. Sup. Ct.) 21 Tex. 650.     *13*

*Ekpe v. CACH, LLC*, No. 03-10-00274-CV, 2011 WL 1005379 (Tex. App.--Austin Mar. 16, 2011, no pet.) (mem. op.)     *4*

*Frost Nat'l Bank v. L & F Distribs., Ltd.,* 165 S.W.3d 310 (Tex. 2005) (per curiam).     *10*

*Gard v. Bandera Cnty. Appraisal Dist.,* 293 S.W.3d 613 (Tex. App.--San Antonio 2009, no pet.).     *14*

*Glassman v. Good-friend,* 347 S.W.3d 772 (Tex. App.--Houston [14th Dist.] 2011, pet. denied) (en banc).     *14*

*J.M. Davidson, Inc. v. Webster,* 128 S.W.3d 223 (Tex. 2003).     *10*

*Lopez v. Muñoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857 (Tex. 2000).     *13*

*Morrow v. Shotwell*, 477 S.W.2d 538 (Tex.1972).     *10*

*Nudd v. Burrows*, 91 U.S. 426 (1875).                                                13

*Prudential Ins. Co. v. Jefferson Assocs., Ltd.,* 896 S.W.2d 156 (Tex.1995).          12-13

*Sun Oil v. Madeley*, 626 S.W.2d 726 (Tex. 1981).                                     11

*Town North Nat'l Bank v. Broaddus,* 569 S.W.2d 489 (Tex.1978).                       13

*United States v. Throckmorton*, 98 US 61 (1878).                                     13

*Vice v. Kasprzak*, 318 S.W.3d 1 (Tex. App.--Houston [1st Dist.] 2009, pet. denied).  4

*Weitzel v. Barnes*, 691 S.W.2d 598 (Tex.1985).                                       13

*Well Solutions, Inc. v. Stafford*, 32 S.W.3d 313 (Tex. App.--San Antonio 2000, no pet.).  3

*Wilson v. Thomason Funeral Home, Inc.*, No. 03-02-00774-CV, 2003 WL 21706065,  (Tex. App.-Austin July 24, 2003, no pet.) (mem. op.)  3

## **RULES**

TEX. R. APP. P. 33.1(a)(2).                                                           3

TEX. R. APP. P. 45.                                                                   14

4 Williston on Contracts § 609 (3rd ed. 1961).                                        11

No. 06-14-00100-C

IN THE COURT OF APPEALS
SIXTH  APPELLATE DISTRICT OF TEXAS
AT TEXARKANA

MARK J. MUELLER
Appellant

v.

JAMES H. DAVIS, Individually, JAMES H. DAVIS D/B/A J.D. MINERALS AND JDMI, LLC.

Appellee

ON APPEAL FROM
THE 71ST JUDICIAL DISTRICT COURT
HARRISON COUNTY, TEXAS

**APPELLANT'S REPLY TO SUR-REPLY BRIEF AND RESPONSE TO MOTION FOR SANCTIONS**

TO THE HONORABLE JUSTICES OF THE SIXTH  COURT OF APPEALS:

Appellant, Mark J. Mueller files this Reply to the Sur-Reply  Brief and Response to Motion for Sanctions of Appellant.  In this brief, Appellant will be referred to as Appellant. Appellee James H. Davis, individually, James H. Davis d/b/a J.D. Minerals and JDMI, LLC will be referred to as Appellee.  The 2015 Clerk's Record will be referenced as "(CLR)", being the Clerk's Record Volume 1, Supplemental 2(A).

## STATEMENT OF THE CASE

Appellant's "Statement of the Case" provided in Appellant's Brief properly stated the case:  that appellant brought the action against the Appellee in a suit to quiet title.

## STATEMENT ON ORAL ARGUMENT

This court has previously decided that oral argument is necessary in this case.

## STATEMENT OF FACTS

Appellant's "Statement of the Facts" provided in Appellant's Brief properly stated the facts of the case.

## SUMMARY OF THE ARGUMENT

The documents from Cope and Mills to Appellee are ambiguous based on the fact the documents cannot be read to harmonize all the provisions in the documents. Appellee prepared a document which allotted only one select sentence (in small print), to convey title to Appellee. Meanwhile, all the other provisions and language (both in standard and small print) located in the document did not convey title to Appellee. Appellee has chosen to disregard entire phrases in the document that indicate that it was not the intent of Cope and Mills to convey all the interest in Harrison County, Texas to Appellee. Appellee has chosen to ignore the obvious and logical language of the documents in favor of an underhanded and fraudulent interpretation.

The public records through which Appellee claims title, are based on the fraudulent actions of the Appellee. Fraud vitiates whatever it touches. Appellee failed to disclose a great deal of information to Appellant and others when Appellee notified Appellant and others of its sudden claim to all the interests of Cope and Mills in Harrison County, Texas. Appellant prepared the documents to such an extent that the fraud was not discovered for years.

The Motion for Sanctions filed by Appellee is without merit. Not only Appellant, but many other lawyers, companies, and landmen, has paid money to Cope and Mills for their mineral interests in Harrison County, Texas.

# ARGUMENT AND AUTHORITIES

## I.

### APPELLANT'S SUMMARY JUDGMENT EVIDENCE IS PROPERLY BEFORE THE APPELLATE COURT BECAUSE ANY OBJECTIONS WERE NOT PRESERVED.

The party making the objections to both form and substance to summary judgment evidence must obtain a ruling on each objection in order to preserve the objection. Appellee failed to do this. In its Sur-Reply Brief, the Appellee makes the argument that all of the evidence Appellant had presented in the trial court is now not to be considered at the appellate level, based on Appellee's assertion that said evidence is hearsay, parol or some other form of inadmissible evidence. Appellee also states that it made a timely objection. Appellant points out that the Appellee failed to obtain a ruling concerning the summary judgment evidence from the trial court nor did it indicate where in the record such a ruling can be found. In fact, the record is silent as to this issue.

"The general rule is that the party asserting an objection [to the admissibility of] evidence must obtain a ruling on that objection to preserve error." *Wilson v. Thomason Funeral Home, Inc.*, No. 03-02-00774-CV, 2003 WL 21706065, (Tex. App.--Austin July 24, 2003, no pet.) (mem. op.) (citing Tex. R. App. P. 33.1(a)(2)). Appellee erroneously argues that the trial court, by granting the Motion for Summary Judgement, had in fact granted all of their objections concerning the non admissibility of Appellant's Summary Judgment evidence. The court in *Well Solutions, Inc. v. Stafford*, held that "A trial court's ruling on an objection to summary judgment evidence is not implicit in its ruling on the Motion for Summary Judgment." 32 S.W.3d 313, 317 (Tex. App.--San Antonio 2000, no pet.). This rule also applies to any objections as to the form of the business records affidavits. As such, in order to preserve the complaint on appeal, a trial

court ruling is also required on all objections as to the form or content of affidavits. The court specifically noted that objections as to the lack of personal knowledge, hearsay, and best-evidence are considered to be objections as to the form of affidavits. *Colvin v. Texas Dow Emps. Credit Union* No. 01-11-00342-CV, 2012 WL 5544950, (Tex. App.--Houston [1st Dist.] Nov. 15, 2012, no pet.) In the case now before this court, the trial court issued no rulings concerning the Summary Judgement evidence and subsequently, there is nothing to be found in the record. Therefore, Appellee's complaints that Appellant's accompanying business records affidavits were defective or insufficient have not been preserved because there is no express ruling to be found in the record as required by the courts. *Ekpe v. CACH, LLC*, No. 03-10-00274-CV, 2011 WL 1005379, (Tex. App.--Austin Mar. 16, 2011, no pet.) (mem. op.) It is required that party making the objections must obtain a ruling on each objection in order to preserve the objection. *Vice v. Kasprzak*, 318 S.W.3d 1, 11 (Tex. App.--Houston [1st Dist.] 2009, pet. denied). As such, all summary judgment evidence is properly before this appellate court.

Throughout this case the Appellee has neither denied nor provided any evidence to refute or contradict of the following:

(1) Appellee has admitted that the conveyances (CLR 18 and 21) do not contain a metes and bounds description, and do not contain a volume and page reference to a prior document that was filed in the County Clerk's office of Harrison County, Texas. (CLR at 845, 851, No. 34 and No. 35, Tab C)

(2) On December 10, 1991, Appellee, sent a certified letter to James Hammond Mills, stating in part "as agreed, enclosed please find a Bank Money Order in the amount of $55.00 as consideration for a year primary term Royalty Conveyance. . . ." (CLR at 1132, Tab D) Appellee has admitted that this document was sent. (CLR 845, 849, Tab C, No. 19)

(3) On June 16, 2005, Appellee forwards correspondence to Virginia Rose Mills Cope, stating in

part "upon further review of title, we have found you have previously sold this interest to another party.  Therefore at this time we are retracting our offer and will not be resubmitting another offer to you." (CLR 358, Tab G)  Appellee has admitted that this document was sent. (CLR 845, 848, Tab C, No. 9)

(4) On November 21, 2005, Appellee forwards correspondence to Virginia Mills Cope regarding the purchase of mineral or royalty interest, and a conditional draft. (CLR 359, Tab H)  Appellee has admitted that this document was sent. (CLR 845, 849, Tab C, No. 10)

(5) On November 26, 2007, Appellee forwards correspondence to James Hammond Mills withdrawing an offer to purchase certain mineral and royalties interest due to an error. (CLR 364, Tab I)  Appellee has admitted that this document was sent. (CLR 845, 850, Tab C, No. 22)

(6) On September 15, 2008, Virginia Rose Mills Cope was forwarded a document giving Appellee permission to obtain any information as to all the mineral and royalties she owned in Harrison County, Texas. (CLR 361, Tab K).  Appellee has admitted that this document was sent. (CLR 845, 849, Tab C, No. 14)

(7) On October 31, 2008, Appellee withdraws its offer pay Virginia Rose Mills Cope, $7,250.00. (CLR 362, Tab L)  Appellee has admitted that this document was sent. (CLR 845, 849, Tab C, No. 16)

(8) On February 23, 2011, Appellee sent out a letter to Appellant and others that he had purchased 100% of all the interest in Harrison County, Texas of Virginia Rose Mitchell and James Hammond Mills. (CLR at 356, Tab M)

(9) On July 19, 2011, Appellee prepared a document stating in part, "it doesn't really matter because she sold all her interest to another company." (CLR at 363, Tab R)  Appellee has admitted that this document was sent. (CLR 845, 849, Tab C, No. 15)

(10) That James Hammond Mills and Virginia Mills has leased and sold, oil, gas and other minerals for years, as reflected in the clerk's records. (CLR 1732-1735)

(11) That James Hammond Mills and Virginia Mills has paid taxes on the property for years as reflected in the tax records.  (CLR 1744-1753).

(12) Numerous other lawyers, companies, and landmen have interpreted the clause differently because they have made payments to and executed other leases or mineral conveyance with Mills and Cope for years after the dates of the documents in question. (CLR 1732, 1733, 1735, Tab S)

(13) The Appellee is claiming title through a clause that was actually added to the habendum clause. (See actual clause in document at (CLR at 18, Tab A, and CLR at 21, Tab B)

(14) This clause is quite difficult to read due to the font and print size. Second, this additional language, is not typical for a Mother Hubbard clause. Appellee has admitted that J.D. Minerals or its attorneys or representatives drafted some of the terms which make up the instruments, (Tab C, Clr 850, No. 27), that the documents contain print that is a different size font, (Tab C, Clr 851, No. 30), and the documents were prepared in the normal course of business. (Tab C, Clr 851, No. 33) In spite of the unusual nature of the clause, due to its location in the document, other people involved in the oil and gas industry have considered this 'cover all' clause as part of the habendum/mother hubbard clause, as reflected in royalty payments, and leases and mineral conveyances referred to above.

(15) Appellee fails to address the fact that the documents also contain the language "Grantor agrees to execute any supplemental instrument requested by Grantee for a more complete description of said land." If it indeed was the intent of the original grantors (Cope and Mills) to convey everything they owned in the county, then why was such a clause in the document? The documents contain language that appellee does not rely on its claim of all the interest in Harrison County, which raises the question as to why that language was in the documents in the first place?

(16) These documents are clearly ambiguous when the specific granting clause does not convey any interest, and the habendum/mother hubbard clause does not convey any interest, and the only clause that does convey any interest was part of the mother hubbard clause.

(17) The Appellee has a pattern of deceptive and fraudulent business practices.

(18) a letter to Texas Attorney General, stating in part "these guys were trying to trick her into selling the rights. . . ." (CLR 1905)

(19) complaint to the Texas Attorney General, stating in part ". . . there was blatant fraudulent intent on the part of this company. . . ." (CLR 1908).

(20) a letter from bank vice president to Texas Attorney General, stating in part ". . . the first three appear to have offered far less than fair market value and the consideration for the last is unknown. . . ." (CLR 1911)

(21) a letter to Texas Attorney General, stating in part ". . . J.D. Minerals is engaging in shameful, unscrupulous, and perhaps deceptive trade practices." (CLR 1912)

(22) a letter to Appellee from an attorney, stating in part ". . . Despite your firm's failure to honor the draft, your firm took action to file and record the Mineral and Royalty Conveyance in the real property records of LaSalle County, Texas . . . " (CLR 1913)

(23) a letter to Appellee from president of National Association of Royalty Owners, stating in part ". . . the directors have met and unanimously voted to terminate your membership. . . ."

(CLR 1916)

(24) a letter to Senator Drew Nixon from James Stafford, president of the Association of Royalty Owners, complaining about JD Minerals, stating in part ". . . contains the statutory language on the instrument as required, but the type size of the body of the conveyance has been reduced to a degree that anyone (particularly the elderly) with vision problems or a limited understanding of legal language would have a struggle getting through the whole thing." (CLR 1917)

(25) letter regarding JD Minerals, stating in part ". . . this company is trying steal people's royalty and minerals and they are praying [sic] on people, especially the elderly, senior citizens. . . . (CLR 1919)

(26) a letter of February 23, 2011, which failed to inform Appellant and others of pertinent documentation in its possession as reflected above,  including:

> (a) the $235.00 draft to Ms. Cope/Mitchell, dated September 20, 1991,  was for various acres out the G.W. Petty Survey et al, not everything in Harrison County, Texas, (CLR 1133);
>
> (b) the $55.00 draft to Ms. Mills was for various acres out the G.W. Petty Survey et al, not everything in Harrison County, Texas, (CLR 1207);
>
> (c) the money order to Mr. Mills, dated December 10, 1991,  for $55.00, was for consideration for a one year primary term Royalty Conveyance, (CLR 1207);
>
> (d) the letter to Ms. Cope dated June 16, 2005, withdrawing offer, previously sold interest to another party, (CLR 358);
>
> (e) attempted on November 21, 2005 to purchase mineral interest from Ms. Cope, (CLR 359);
>
> (f) the letter to Mr. Mills, November 26, 2007, are in the process of purchasing your interest, (CLR 364);
>
> (g) obtaining permission from Ms. Cope to obtain information about her minerals, September 15, 2008, (CLR 361);
>
> (h) the letter to Ms. Cope, October 31, 2008, withdrawing offer, sold interest prior to date. (CLR 1129);
>
> (i) memo dated July 19, 2011, "doesn't really matter because she sold all her interest already to another company," (CLR 363); and,

(j) knowing that Ms. Cope and Mr. Mills were part of the Moore # 1 Gas Unit, (CLR 916-918) (filed of record September 25, 2000), (produced in discovery by defendant, Bate stamped at the bottom, Rule 193.7)

These above-listed documents negate Appellee's contention that Mills and Cope had conveyed everything they owned in the county. In fact, they support Appellant's argument that it was never the intent of Mills and Cope to convey all of their interest to Appellee. The actions of Appellee were not those of an organization which thought it owned all of the interest of Mills and Cope as evidenced by the several letters written by Appellee soliciting additional mineral leases and/or deeds. However, Appellee now asks this court to ignore this evidence and reward Appellee for his continued acts of fraud and deceit.

## II.
### THE DEEDS IN QUESTION ARE AMBIGUOUS AND ANY OTHER READING OF THEM IS ILLOGICAL.

As heretofore shown, the alleged deeds are without doubt, ambiguous. The Appellee in its Sur-Reply continually states that the deeds in questions are unambiguous. However, not only has the Appellant, but Mills, Cope, Wagner Brown, and numerous others relied upon the belief that Cope and Mills continue to retain ownership over the minerals in Harrison County. Appellee and only Appellee, gleams a different interpretation of what the documents convey.

### a. Confusion exists as to the inclusion of contradictory or allegedly meaningless clauses.

It is uncontroverted that Appellee has been in the Oil and Gas industry for a considerable amount of time, and therefore is familiar with the usual and customary conduct of business. However, Appellee has failed to explain its reason for creating documents that flies in the face of traditional and accepted deed preparation. Specifically, why Appellee failed to show why the

granting clause is in a large font (and it now claims that it passes nothing to the Appellee) and the controlling clause is located in minuscule print in the middle of the document. Appellee has also failed to explain why it created a document with two (2) different clauses which use contradictory language and why the latter passage takes precedent over the language found in the traditional location of the granting clause, as set out below. Appellee fails to show to why the documents also contain the language "Grantor agrees to execute any supplemental instrument requested by Grantee for a more complete description of said land." If it indeed was the intent of the original grantors (Cope and Mills) to convey everything they owned in the county, then there would be no reason for such a clause. Furthermore, Appellee fails to address the issue of why the blanket or 'cover all' clause was made part of the Mother Hubbard Clause. These deviation from the normal and traditional course of dealings, in of itself, raises questions as to 'what is going on' or 'why was it done differently'.

The rare times Appellee does offer some limited explanations, the reasons are at odds with each other or established legal dicta. First, on page 14 (No. 38) of its original Reply Brief, Appellee states "Appellees have consistently maintained that the mineral interests at issue were conveyed to Appellees by the unambiguous and valid blanket, county-wide granting clause in each deed." This statement is negated when Appellee states on page 24 (No. 38), of its Sur-Reply Brief, "Here, because the property is described in the deeds by the county-wide conveyance, the question of whether said properties are conveyed under the Mother Hubbard or habendum clause is not at issue." Common sense prohibits anyone from reconciling these statements.

b. ***Words appearing earlier in a contract have precedence over later appearing words***.

The argument located in No. 27 of Appellee's Sur-Reply Brief is erroneous. Appellee

states that earlier words in a contract have basically no effect.  This is not the correct statement of the law.  From the memorandum in the opinion in *Baylor University Medical Center v. Greeson*, Tex Court of Appeals, 5th Dist. 2015, No. 05-14-01342-CV:

> In construing a written contract, we must ascertain and effect the parties' intentions as expressed in the document. *Id.* at 311-12; *J.M. Davidson, Inc. v. Webster,* 128 S.W.3d 223, 229 (Tex. 2003). We consider the entire writing and attempt to harmonize and give effect to all its terms by analyzing the provisions with reference to the whole agreement. *Frost Nat'l Bank,* 165 S.W.3d at 312. "No single provision taken alone will be given controlling effect; rather, all the provisions must be considered with reference to the whole instrument." *Webster,* 128 S.W.3d at 229. And, **generally, words appearing earlier in a contract have precedence over later appearing words**. *Dorsett v. Cross,* 106 S.W.3d 213, 220 (Tex. App.--Houston [1st Dist.] 2003, pet. denied).

Appellee seems to rely on the county wide description enlarging a specific property description.  This does not comply with established case  law that "to be sufficient, the writing must furnish within itself, or by reference to some other existing writing, the means or data by which the land to be conveyed may be identified with reasonable certainty.'" *Morrow v. Shotwell*, 477 S.W.2d 538, 539 (Tex.1972).   If that was indeed the case, it would give unscrupulous individuals a carte blanche way to do business.  Additionally, Appellee seems to say that the granting clause did not convey any property to the Appellee, that the habendum clause did not convey any property to the Appellee, and even the 'mother hubbard' clause did not convey any property to the Appellee.  Logically, the question arises as to why these clauses are even in the documents?  Appellee wants to give effect to what appears to be incidental language.  It is this additional language that it relies upon and that deceived everyone else who read the documents.  "It is not permissible to give controlling effect to that which creates an ambiguity, and destroys the certainty which is expressed by other language, and thus overthrow the clear and explicit intention of the parties." *Cartwright v. Trueblood*, 90 Tex. 535, 39 S.W. 930, 932 (1897).  That is exactly what Appellee is attempting

to ask this court to do. Appellee wants to give controlling effect to a clause that is in direct conflict with other clauses in the documents.

### c. The parol evidence rule does not apply due to the ambiguity of the documents.

Based on the ambiguity in the deeds themselves, surrounding circumstances may certainly be reviewed. If the language of the contract is susceptible to "two or more reasonable interpretations after applying the pertinent rules of construction, the contract is ambiguous," thus authorizing a court to consider the parties' interpretations and admit extrinsic evidence to determine its true meaning. *Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.*, 940 S.W.2d 587, 589 (Tex. 1996) The court in *Sun Oil v. Madeley*, 626 S.W.2d 726, 731 (Tex. 1981) explained that while extrinsic evidence is not admissible to render an unambiguous contract ambiguous, courts may consider "surrounding circumstances known to the parties at the time of [the contract's] execution" to aid them in determining whether contract language appears to be capable of only one meaning (quoting 4 Williston on Contracts § 609 (3rd ed. 1961).

The aforementioned documents, which are properly before this court, should be reviewed to help assist this court in determining the surrounding circumstances of the documents. **Specifically, a certified letter from Appellee to James Hammond Mills, dated December 10, 1991, which was contemporaneous to one of the documents in question, states in part "as agreed, enclosed please find a Bank Money Order in the amount of $55.00 as consideration for a year primary term Royalty Conveyance. . . ." (CLR at 1132). This interpretation of the transaction/contract is vastly different from Appellee's current claim that Mills was selling everything he owned in Harrison County, Texas to the Appellee**. Apparently, even

Appellee has had at least two (2) separate interpretations of the documents in question. According to *Columbia Gas Transmission Corp*, the contract is ambiguous and admission of other documents is permitted to help aid the court in determining the true meaning of the documents in question. *Id.*, at 589.

In No. 12 of the Sur-Reply Brief filed by Appellee, attempts to compare previous mineral conveyances in which Appellant was involved to the ones now before the court. It is interesting to note, that although Appellant has used cover-all clauses, he has used them properly. A closer look at the documents shows that Appellant was very up-front and forthcoming. The font in CLR 1832-1833 is basically the same size throughout the entire document. The document found at CLR 1255-1256 was also basically prepared with the same font throughout the document, and the property description specifically states **at the first** "being all of the real property situated in Harrison County, Texas." The document found at CLR 1257-1261 is in large print, but one of the largest fonts states that it was the intention of the grantors to convey all mineral interests owned by grantors. Finally, the document found at CLR 1262-1264 is also prepared with large print, but it is the language found in the larger font that states it was the intention of the grantors to convey all mineral interests owned by grantors. A review of the documents prepared by Appellee reflects no similarities.

## III.
### APPELLEE, AFTER "LAYING BEHIND THE LOG" FOR MORE THAN 20 YEARS, SHOULD NOT BE REWARDED FOR FRAUD.

Texas law has long imposed a duty to abstain from inducing another to enter into a contract through the use of fraudulent misrepresentations. As a rule, a party is not bound by a

contract procured by fraud. *Prudential Ins. Co. v. Jefferson Assocs., Ltd.,* 896 S.W.2d 156, 162 (Tex.1995); *Weitzel v. Barnes,* 691 S.W.2d 598, 601 (Tex.1985); *Town North Nat'l Bank v. Broaddus,* 569 S.W.2d 489, 491 (Tex.1978); *Dallas Farm Mach. Co. v. Reaves,* 158 Tex. 1, 307 S.W.2d 233, 239 (1957).

Appellee's position is that Appellant has no standing to argue fraud. Quasi-estoppel precludes a party from asserting, to another's disadvantage, a right which is inconsistent with a position previously taken. *Lopez v. Muñoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 864 (Tex. 2000). The fact is that for more than twenty years, other businesses, people, and the Appellant have relied upon the documents that Appellee had prepared and filed into the county records. Business has been transacted based on the documents. Appellant and other parties certainly would not have entered into any agreement with Mills and Cope, if they had thought that Mills and Cope had conveyed all their interests to Appellee in 1991.

Appellee should not be rewarded for fraud. 'Laying behind the log' for 20 years does not entitle Appellee to now benefit from it. Fraud destroys the validity of everything into which it enters. *Nudd v. Burrows*, 91 U.S. 426 (1875). "Fraud vitiates everything." *Boyce's Executors v. Grundy*, 3 Pet. (28 US) 210 (1830). Fraud vitiates the most solemn contracts, documents and even judgments. *United States v. Throckmorton*, 98 US 61, 70 (1878). "Fraud vitiates every transaction tainted by it, it annuls every transaction which is infected by it." *Drinkard v. Ingram* (Tex. Sup. Ct.), 21 Tex. 650. To hold otherwise would not only support the fraud, but as stated would encourage more fraud. Pursuant to the petition filed by the Texas Attorney General against Appellee, there may have been up 12,000 transfers to Appellee. (CLR 825).

Not only Appellant, but numerous other people were duped by the documents located in the County Clerk's records. Appellee continues to have the potential of not only harming Mills, Cope, and the Appellant but also countless other people.

## IV.

### RESPONSE TO APPELLEE'S CONTINUED MOTION FOR SANCTIONS

In its Sur-Reply Brief, Appellee continues to ask for sanctions against Appellant. Appellee relies on the fact that blanket conveyances are legitimate; however, Appellee fails to state how the existence of a blanket conveyance can remedy fraud.

"Rule 45 of the *Texas Rules of Appellate Procedure* authorizes a court to award a prevailing party just damages [only] if it is determined that an appeal is frivolous after considering the record, briefs, and other papers filed in this court." *Gard v. Bandera Cnty. Appraisal Dist.,* 293 S.W.3d 613, 619 (Tex. App.--San Antonio 2009, no pet.); *TEX. R. APP. P. 45.* The documents as heretofore set out above, clearly indicate that there was never an intention by Mills and Cope to convey everything they owned in Harrison County, Texas. The documents also show that there was a deliberate effort on the part of Appellee to deceive all parties that came in contact with the deeds. Determining whether to grant sanctions for frivolous appeals is a matter of discretion, this court exercises with prudence and caution. *Gard,* at 619. In making that determination, we review the record from the viewpoint of the advocate filing the appeal and decide whether the advocate had reasonable grounds to believe the judgment could be reversed. *Glassman v. Good-friend,* 347 S.W.3d 772, 782 (Tex. App.--Houston [14th Dist.] 2011, pet. denied) (en banc). Appellate certainly has grounds to file this appeal based on the tactics used by

Appellee, as shown by the records.

Appellee has failed to produce any documentation to support or justify its claim for $25,999.74. Appellant objects to the unsubstantiated claim, as unreasonable and excessive.

## CONCLUSION AND PRAYER

The trial court committed reversible error by issuing its Order Granting Defendant's Motion for Summary Judgment and Rending Final Summary Judgment. The Summary Judgment should be reversed and rendered for Appellant, or in the alternative should be reversed and remanded to the trial court, for issues of fact to be decided by the trier of fact. The Motion for Sanctions filed by Appellee is without merit and should be denied.

RESPECTFULLY SUBMITTED,

*/s/Bob Whitehurst*
Bob Whitehurst
5380 Old Bullard Road, Suite 600, #363
Tyler, Texas 75703
(903)593-5588
State Bar #21358100

## CERTIFICATE OF COMPLIANCE

In accordance with Texas Rule of Appellate Procedure 9.4(i)(3), Appellant certifies that this brief contains 5431 words and therefore complies with the word limitation imposed by Texas Rule of Appellate Procedure 9.4(i)(2)(B).

/s/Bob Whitehurst
Bob Whitehurst

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above and foregoing instrument has been served on all counsel of record in accordance with the Rules of Civil Procedure on this 2nd day of November, 2015.

/s/Bob Whitehurst

Bob Whitehurst